■ FREDERICK J. WALSH, Appellant, v JOSEPHINE A. WALSH, Respondent.—In a matrimonial action in which the plaintiff husband was granted a judgment of divorce, he appeals from an order of the Supreme Court, Queens County, dated January 4, 1978, which, without a hearing, denied his motion to (1) direct the defendant to return the children of the marriage to

New York so as to allow him to avail himself of his visitation rights as provided for in the judgment of divorce and (2) modify said judgment by deleting therefrom all provisions for alimony and child support, until the defendant returns the children to New York. Order reversed, without costs or disbursements, and matter remanded to Special Term for a hearing and a new determination in accordance herewith. The parties were married on December 27, 1958 in Queens, New York. During the entire marriage they were domiciled in the State of New York. Three children were born to the parties: Laura, born in July, 1960; George, born in May, 1964; and John, born in June, 1966. As the result of marital difficulties, the parties entered into a separation agreement in July, 1971. Pursuant to said agreement, the wife was given custody of the three children and the husband was given the following visitation rights: 9:00 A.M., Saturday to 9:00 P.M. Sunday, on a weekly basis; one month during the children's summer vacation; one week during the Christmas school recess in alternate years; one week during the Easter school recess in alternate years and Thanksgiving, Christmas, Easter Sunday and birthdays of each child during alternate years. Subsequently, on May 21, 1973, the parties obtained a "no fault" judgment of divorce. During the summer of 1977, the defendant sold the former marital home located in Farmingdale, Long Island, and kept the proceeds, as was her right under the separation agreement. On August 4, 1977, she took the three children and moved to Phoenix, Arizona. The plaintiff first learned of the move when he received a telegram from her on August 7, 1977. In a subsequent affidavit, the wife stated that the move was mandated by her inability to obtain employment following termination of her job and the resultant economic problems which she and the children had encountered. She added that the move had been agreed to by the children. In letters submitted by the children, they also indicated the need for, as well as their happiness with, the move. Upon learning of the move, the plaintiff ceased paying alimony and support and moved for an order (1) directing the wife to return the children to New York, and (2) modifying the judgment of divorce by eliminating therefrom all provisions for alimony and child support as of August 4, 1977, unless and until the defendant returns the children to New York. Special Term denied both aspects of the motion, without a hearing, relying heavily on the letters from the children. The court suggested modified visitation during Christmas, Easter and summer vacations but left the arrangements thereof to the parties. In addition, Special Term refused to modify the alimony or support provisions. The order under review must be reversed. In our opinion, Special Term erred in failing to hold a hearing on the issues raised (see *Entwistle v Entwistle,* 61 AD2d 380). By leaving the matter of visitation up to the parties to resolve, Special Term thereby concluded, as a matter of fact, that the defendant had not willfully interfered with the plaintiff's rights. By agreeing to permit visitation by the plaintiff every weekend, the defendant implicitly represented that she would not move to a location which would make the exercise of such visitation rights virtually impossible. If the defendant's move was indeed in the best interests of the children as she claims, then she would have had nothing to fear by seeking prior court approval. Instead, she surreptitiously sold the house and took the three children to Phoenix, Arizona, informing the plaintiff only after the move was a *fait accompli.* Special Term, by its decision, put its stamp of approval on her conduct, without a hearing. Furthermore, it has been held that the deprivation of visitation rights may, under certain circumstances, serve to relieve the father of his obligations to pay alimony and child support (see, e.g., *Abraham v Abraham,* 44 AD2d 675;

*Matter of Deutsch v Deutsch,* 53 AD2d 861; *Matter of Sandra B. v Charles B.,* 85 Misc 2d 633). Clearly, any final determination on this issue may not be made prior to a full hearing (see *Entwistle v Entwistle, supra; Abraham v Abraham, supra).* Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.