■ In the Matter of ROBERT BONNACI, Respondent, v PATRICIA BONNACI, Appellant. — Appeal from an order of the Family Court of Sullivan County (Hanofee, J.), entered January 22, 1982, which awarded custody of one of respondent's children to petitioner. The parties to this appeal were married in 1964 and resided together in Sullivan County until they separated in late 1979. Three children were born of the marriage, Robert, Jr., now 17, William, 14, and Cindy, 13. A separation agreement was entered into in February, 1978, and an uncontested divorce was granted to the mother of the children in July, 1981. Following their separation, the parties arrived at an amicable arrangement concerning custody of the children, under which Robert, Jr., lived with the father and William and Cindy lived with the mother. The parties initially resided in close enough proximity to permit frequent and regular contact between the children and their noncustodial parent. In June, 1980, however, the mother moved with William and Cindy to Glens Falls, a five-hour automobile ride from Sullivan County, and following that the father brought the instant petition for custody. After a full evidentiary hearing, the Family Court awarded the custody of William to the father and continued the custody of Cindy with the mother. It is from the Family Court's determination changing William's custody that the mother appeals. Under the recently decided case of *Friederwitzer v Friederwitzer* (55 NY2d 89), the facts of the instant case, as found by the Family Court, are sufficient to sustain that court's determination. Similarly to *Friederwitzer,* the Family Court found here that the mother moved from a residence close to the father, is cohabiting with another man, and the older of the two children living with her has expressed a strong preference to live with his father and older brother. Similarly also, the previous custody arrangement was not based upon any judicial determination after a plenary hearing on the merits, but on a voluntary agreement never actually reviewed by any court. *Friederwitzer* rejects any absolute requirement of proof of extraordinary circumstances in change of custody cases (55 NY2d 89, 93-95). Moreover, the mother's removal of the child from his previous environment, father, brother, school, and friends, and her introduction of another man into the household had already upset the stability of the child's life, identified in *Friederwitzer* as the principal countervailing factor when a change of custody is sought (*id.,* at p 94). Also supportive of the Family Court's determination was the uncontradicted testimony of a clinical psychologist that

continuing the custody of William with the mother would be potentially damaging to him. Contrary to the mother's contention, the court's determination was not based exclusively on William's desires. The court expressly indicated that his wishes were only one of the criteria considered and that it based its determination of the child's best interest on "the testimony elicited from the various witnesses". In view of the mother's income from employment and her sharing of living expenses with the man who lives with her, it was also well within the Family Court's discretion to deny the mother's request for an award of counsel fees. Accordingly, Family Court's order should be affirmed in all respects. Order affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.