ELISSA HENDREY, Respondent, v GEORGE R. HENDREY, Appellant.

The parties were married on June 25, 1965, in Marakesh, Morocco. Two children were born of this marriage, namely, Jennifer Kristin, born October 26, 1973, and Geoffrey Rummens, born July 18, 1975. The parties began to experience marital difficulties and, in 1981, Mrs. Hendrey left the marital home in Shoreham, New York, and moved to nearby Port Jefferson. After extensive negotiations, the parties entered into a separation agreement dated February 6, 1984. Pursuant to this agreement, the parties were to enjoy joint custody, although the children's principal place of residence was to be with their father.

By order to show cause dated May 16, 1984, Mrs. Hendrey sought sole custody of the two children. It appears that the impetus for this motion was her husband's decision to accept employment and relocate to Germantown, Maryland.

The record demonstrates that although petitioner chose to leave the marital residence, she has had constant contact with the children and has always made herself available to tend to the children's needs. Special Term perceptively noted that if Mr. Hendrey was permitted to relocate with the children, "a serious question exists whether [Mrs. Hendrey] could continue to enjoy the equal access to the children that she now does". This conclusion rested in part upon Mr. Hendrey's avowed intention to move to Maryland and reside with his paramour, a divorcee with two children.

This court has repeatedly stressed that, as a general rule, a move by the custodial parent to a distant domicile will not be permitted when the result would be to effectively deprive the noncustodial parent of regular access to the children of the marriage (*see, Weiss v Weiss,* 52 NY2d 170; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036). We find that if Mr. Hendrey was permitted to move to Maryland with the children and to set up a new family structure once they arrived there, petitioner's role in her children's lives would be effectively curtailed.

While acknowledging that there are limited career options available to experts in Mr. Hendrey's field of acid rain, the record reveals that he had not even made the slightest effort to explore job possibilities in the Long Island or New York City Metropolitan area, nor had his previous position been terminated. Under these circumstances, we cannot say that he has met the heavy burden imposed upon him which would justify disrupting the stable relationship which the children now enjoy with their mother (*see, Matter of Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875).

Lastly we conclude that Special Term arrived at a fair sum for interim child support after considering the best interests of the children as well as the financial circumstances of the parties (*see, Moran v Moran,* 81 AD2d 740; *Parry v Parry,* 93 AD2d 989). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.