■ In the Matter of JULIANNE M. DERVAY, Appellant, v ROBERT P. DERVAY, Respondent. — Mikoll, J. Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered

September 26, 1984, which denied petitioner's application to remove the parties' child from this State.

The parties were divorced on April 24, 1984. A separation agreement, entered into on February 14, 1984, specifically provided for joint custody with the principal residence of the parties' infant daughter to be with petitioner, her mother, "so long as [she] shall not remove the residence of the child beyond a radius of 50 miles from the child's present residence without prior written consent of [respondent]" or that of Family Court. It appears that the separation agreement was incorporated, but not merged, into the divorce decree.

Subsequently, petitioner's fiancé moved to St. Louis, Missouri, to accept new employment. Petitioner, wishing to join him, sought respondent's consent to relocate to Missouri with their child. She indicated that she and her fiancé intended to marry in April 1985. When respondent refused to consent, petitioner commenced this proceeding seeking court authorization to remove her daughter, now four years old, to Missouri. Family Court held that it was not in the best interest of the child to permit petitioner to remove the child beyond the 50-mile radius set by the parties and, therefore, denied the petition. This appeal by petitioner followed.

The order of Family Court should be affirmed. In considering the question of child custody, the court must be concerned first and foremost with the best interest of the child (Domestic Relations Law § 70). The parties' agreement, although not conclusive evidence, is an important factor to be considered on the question of custody (*Eschbach v Eschbach,* 56 NY2d 167, 171). It illustrates that the parties contemplated that respondent would have a continuous and meaningful relationship with his daughter. The limitation and condition placed on the child's residence bears this out, as does the joint custody arrangement and respondent's extensive visitation rights, which he has exercised regularly. Noncustodial parents and their children jointly enjoy a "natural right of visitation" which, to be effective, must be "frequent and regular" (*Daghir v Daghir,* 82 AD2d 191, 193-194, *affd* 56 NY2d 938; *see, Weiss v Weiss,* 52 NY2d 170, 175). A noncustodial parent-child relationship will not be seriously disrupted absent exceptional circumstances (*see, Weiss v Weiss, supra,* pp 176-177; *Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154, *affd* 59 NY2d 875; *see also, Courten v Courten,* 92 AD2d 579, 580). At present, the child has ready access to respondent and his family. A father's counseling and advice are extremely important in a child's tender years (*see, Weiss v Weiss, supra,* p 175). The proposed removal would deprive the child of an impor-

tant part of her life without her having taken part in that decision (*see, Eschbach v Eschbach, supra,* p 171).

There is no dispute here that petitioner has been the primary caretaker of the child and a good mother, or that her plans were made in good faith. However, it does not appear that the move is stimulated by any exceptional health or educational needs of the mother or child which might justify such a dramatic move (*see, Weiss v Weiss, supra,* p 177).

Under the circumstances, petitioner is presented with a choice between relocating to a distant locale without her daughter or having custody of her daughter in this State. The choice is difficult and unpleasant, but one which the parties clearly contemplated when they separated.

Upon viewing the totality of the evidence, we conclude that petitioner has not established the "exceptional circumstances" which would justify removal of the child to Missouri and, therefore, has failed to meet the evidentiary burden imposed upon her. Family Court's disposition of this controversy conforms to the evidence and, in a case of this nature, its evaluation of the evidence must be accorded the greatest respect (*Eschbach v Eschbach, supra,* pp 173-174).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.