■ STEPHEN KOZAK, Appellant, v NANCY S. KOZAK, Respondent. — In a proceeding pursuant to Domestic Relations Law § 240 to modify the provisions of a separation agreement providing that the parties were to have joint custody of the infant issue of the marriage but that they were to reside with the mother, which provisions were incorporated but not merged into a judgment of divorce between the parties, so as to award the petitioner father custody of the children, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Wood, J.), dated December 21, 1984, as dismissed his petition and, in effect, allowed the mother to change the residence of the children to Lexington, Kentucky.

Order reversed, insofar as appealed from, on the law and the facts, with costs, petition granted, to the extent of continuing joint custody, but with the children to reside with the petitioner in New York and with liberal visitation privileges to respondent, unless within 90 days after service upon her of a copy of the order to be made hereon, with notice of entry, the respondent relocates her residence and that of the children to New York. In the event the caveat is complied with, then order affirmed, insofar as appealed from, without costs or disbursements.

The parties obtained a conversion divorce on August 5, 1983. Pursuant to their separation agreement, which was incorporated but not merged into the judgment of divorce, they were to have joint custody of the children of the marriage. The children (two boys, aged 12 and 13 years) were to reside with their mother, with liberal visitation to be had by their father. The record clearly demonstrates that the parties intended to and did, in fact, have substantially equal shares in the boys' upbringing, although the respondent mother supplied nearly all of the financial support for an approximately 20-month period. It is undisputed that the boys spent up to one half of each school week at petitioner's residence and that they often stayed there overnight. Moreover, the evidence shows that when respondent went on business trips to, *inter alia,* France and Germany, she would leave the boys in the care of their father. In July 1984, respondent was offered a promotion and a substantial salary increase by I.B.M., her employer for several years. She accepted the position and agreed to relocate to Lexington, Kentucky, to perform her new duties. By order to show cause containing a provision restraining respondent from changing the residence of the children, the petitioner commenced this proceeding pursuant to Domestic Relations Law § 240 to change custody of the

children to him. The temporary restraining order was later lifted and respondent and the children moved to Lexington, Kentucky. A trial was subsequently held and the petition was dismissed by order of the Supreme Court, Putnam County. The petitioner has appealed.

We have repeatedly stated the applicable legal principles in cases such as this to be as follows: "It is the general policy of this State that a move by the custodial parent to a distant domicile will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage (see *Weiss v Weiss,* 52 NY2d 170; *Munford v Shaw,* 84 AD2d 810; *Daghir v Daghir,* 82 AD2d 191, affd 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). The primary concern is the child's best interests which is generally found to be furthered by 'his being nurtured and guided by both of his natural parents' (*Daghir v Daghir, supra,* p 193; see *Weiss v Weiss, supra,* p 175). Nevertheless, resolution of such disputes entails a careful balancing of both the rights and problems of the child and his parents (see *Weiss v Weiss, supra,* pp 176-177; *Daghir v Daghir, supra,* p 195). The courts approach matters of this nature on a case-by-case basis and have, on occasion, permitted a move to a distant domicile (see *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809; *Cmaylo v Cmaylo,* 76 AD2d 898 [*appeal dismissed* 51 NY2d 770]). It has also been stated that upon a showing of exceptional circumstances, a parent may be deprived of his right to reasonable access to the child. Such exceptional circumstances are 'invariably associated with a situation where either the exercise of such right is inimical to the welfare of the children or the parent has in some manner forfeited his or her right to such access (*Matter of Denberg v Denberg,* 34 Misc 2d 980, 986)' (*Strahl v Strahl, supra,* p 574; see *Weiss v Weiss, supra,* p 175; *Daghir v Daghir, supra,* p 194)" (*Schwartz v Schwartz,* 91 AD2d 628, 629).

It cannot be seriously disputed that the removal of the boys to Kentucky has so severely curtailed the visitation rights of petitioner that it has effectively deprived him of regular access to the children (*see, e.g., Hendrey v Hendrey,* 110 AD2d 753). We find that respondent has not adequately demonstrated that exceptional circumstances exist warranting the curtailment of petitioner's rights. While there is no suggestion that respondent is anything less than a concerned and highly fit parent, the fact remains that the only reason for the relocation was her desire to accept the promotion and salary increase offered by her employer. Her trial testimony to the effect that she would neither be discharged nor have her salary reduced if she declined the

promotion and remained in New York clearly establishes that the move was not a necessity for either respondent or the children. Under the circumstances, the removal of the adolescent boys from their father and other relatives and from their schoolmates and friends cannot be justified (*see, Matter of Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875). Moreover, there is no evidence on this record that petitioner intended to forfeit his right to keep in close contact with his sons. His lateness in paying child support is partially excused by the fact that he was unemployed for a portion of the time he was in arrears and, in any event, he eventually paid the full amount due. During this time it is clear that he took an active part in the children's upbringing and wishes to continue doing so. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.