■ In the Matter of SHANE FERGUSON, Respondent, v SHERRY F. RESSICO, Appellant.—Weiss, J. Appeal from an order of the Family Court of Fulton County (Mazzone, J.), entered April 1, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to preclude respondent from removing the parties' children from this State.

The parties were divorced in July 1983. By written stipulation, incorporated but not merged into the divorce decree, the parties retained joint custody of the two children, Michael, now age 11, and Scott, now age 5, with physical custody to respondent. Petitioner received weekly visitation rights every Sunday from 12:00 noon to 7:00 P.M. In November 1984, an order was entered expanding petitioner's visitation rights from Friday evening through Sunday evenings on alternate weekends. This visitation schedule was again adjusted in March 1985. The record indicates that friction existed between the parties concerning visitation, but shows that petitioner generally exercised his visitation rights throughout this period.

In November 1985, respondent advised petitioner of her intention to relocate in Florida where her parents resided and apparently could provide her with a job at the apartment complex they managed. An alternative position at a nearby hospital was also available to respondent. By order to show cause dated December 2, 1985, petitioner petitioned for a change in custody and requested an order temporarily restraining respondent from relocating to Florida. Following a hearing in March 1986, Family Court granted the petition to the extent of restraining respondent from relocating the children for residential purposes absent approval of the court. The propriety of this determination is the basis of the appeal.

Family Court determined that it was not in the best interests of the children to permit their removal to Florida. The record amply supports this conclusion. Generally, in cases of this nature, a geographic relocation that effectively deprives a noncustodial parent of access to a child will not be allowed absent exceptional or compelling circumstances (see, Weiss v Weiss, 52 NY2d 170; Matter of Dervay v Dervay, 111 AD2d 462, 463; Matter of Yeo v Cornaire, 91 AD2d 1153, 1154, affd 59 NY2d 875). The overriding concern is with the best interests of the children, which are clearly nurtured by a continued relationship with a noncustodial parent who has maintained reasonable visitation (id., see, Daghir v Daghir, 82 AD2d 191, 193-194, affd 56 NY2d 938). No single factor is

determinative in these cases, which must necessarily be resolved on their own particular facts.

The essence of respondent's plan to relocate in Florida was to secure greater economic stability. Respondent was last employed as an office clerk in May 1985 and was living on unemployment and child support at the commencement of this proceeding. Despite the potential employment opportunities in Florida, the record supports Family Court's conclusion that respondent failed to exhaust all job opportunities in New York and does not possess any special skill or expertise necessitating the move to Florida (see, Kozak v Kozak, 111 AD2d 842, appeal dismissed 66 NY2d 913). While there is evidence that Michael has a hearing and speech disability, it is clear that the proposed relocation is not compelled by either his medical or educational needs (see, Strahl v Strahl, 66 AD2d 571, 575-576, affd 49 NY2d 1036). Moreover, Family Court's determination that petitioner has regularly exercised his visitation rights and enjoys an excellent relationship with the children is to be accorded the greatest respect (see, Matter of Yeo v Cornaire, supra, p 1154). The record further confirms that petitioner has regularly met his child support obligations. Finally, the very fact that a joint custody arrangement was entered with expanded visitation accorded petitioner demonstrates that a continued relationship between petitioner and his children was fully contemplated (see, Matter of Dervay v Dervay, supra, p 463). In our view, Family Court's assessment that respondent has not demonstrated exceptional circumstances justifying the proposed relocation is well supported in the record. This holds true notwithstanding the children's expressed desires, in camera, to accompany their mother to Florida and the Law Guardian's recommendation in favor of relocation.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.