■ MARGARET M. ZALESKI, Now Known as MARGARET M. PARCELL, Respondent, v WESLEY J. ZALESKI, Appellant.—In a matrimonial action in which the mother was awarded custody of the parties' three children, the father appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated January 6, 1987, which denied his application to enjoin her relocation with the children from Long Island to Syracuse, or, in the alternative, to modify the judgment so as to award him custody.

Ordered that the order is affirmed, without cost and disbursements.

The parties obtained a conversion divorce on March 7, 1984. Pursuant to the judgment of divorce, the mother was to have custody of the parties' three children, now ages 11, 10 and 7 years. The father, however, was to have liberal visitation upon 24 hours' notice. Both parties have subsequently remarried. In March 1985, the mother's new husband was offered a position in the mother's brother's business in Syracuse and the father was advised of the family's intentions to move from Long Island. While residing on Long Island, the mother was employed as a part-time title searcher and her new husband was employed as a test technician. Their combined annual salaries amounted to approximately $22,000. In addition, the mother and her family were residing in a house owned by the mother's parents which had been put on the market and which was scheduled to be sold.

By order to show cause dated May 23, 1986, the father moved to enjoin the mother from relocating with the children or, in the alternative, to obtain custody of the children. After conducting a hearing and an in camera interview of the children, the court determined that it would be in the best interests of the children to continue custody with the mother, effectively permitting the relocation. The father now appeals. We affirm.

As this court has stated on numerous occasions, " '[i]t is the general policy of this State that a move by the custodial parent to a distant domicile will not be permitted when it

would effectively deprive the noncustodial parent of regular access to the child of the marriage' " *(Kozak v Kozak,* 111 AD2d 842, 843, *appeal dismissed* 66 NY2d 913; *see, e.g., Hendrey v Hendrey,* 110 AD2d 753, 754; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). The predominant concern is the children's best interests *(Daghir v Daghir, supra),* although the resolution of such disputes also "entails a careful balancing of both the rights and problems of the child and his parents" *(Kozak v Kozak, supra,* at 843). The courts approach matters of this nature on a case-by-case basis *(Morgano v Morgano,* 119 AD2d 734, 736; *Kozak v Kozak, supra; Cataldi v Shaw,* 101 AD2d 823). We have emphasized, moreover, "that the decision of the trial court, which has evaluated the evidence at first hand, is to be accorded the greatest respect and will not be disturbed in the absence of an abuse of discretion" *(Cataldi v Shaw, supra,* at 823; *see also, Morgano v Morgano, supra,* at 736).

Unlike many of the cases in which this court has declined to permit the relocation of a custodial parent and child, the mother herein has not moved to a distant jurisdiction but to a city in New York State. The mother's relocation will not, therefore, effectively curtail the visitation rights of the father or deprive him of regular access to the children *(cf., Kozak v Kozak, supra; Hendrey v Hendrey, supra; Daghir v Daghir, supra).* The record, moreover, reveals that the mother, who has always been cooperative with respect to the father's visitation rights, has proposed a liberal schedule under which the father would have visitation with the children during the Easter and Christmas recesses and for the entire summer vacation period. While the move may decrease the frequency of the father's visits, we find that the visitation schedule proposed by the mother will afford the father regular and meaningful access to the children *(cf., Daghir v Daghir, supra).* We note, moreover, that although of limited significance, the parties' separation agreement does not purport to restrict the geographical movements of the custodial parent *(see, Martinez v Konczewski,* 85 AD2d 717, 718, *appeal dismissed* 56 NY2d 592, *affd* 57 NY2d 809).

In addition, this court has recognized that while not determinative, economic betterment is a factor to be considered when assessing the propriety of a relocation *(see, Morgano v Morgano, supra,* at 737). In the case at bar, the mother's new husband has been offered a unique opportunity to take part in an ongoing family concern. Under these circumstances, the fact that he has not searched for a higher paying position in

the field for which he trained is not fatal to the mother's case *(cf., Hendrey v Hendrey, supra; McLarney v McLarney,* 96 AD2d 580).

In light of the foregoing, we conclude that the trial court equitably balanced the competing interests involved in reaching its determination and accordingly, we affirm. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.