■ In the Matter of CINDY M. ALDRICH, Also Known as CINDY M. GRIMM, Appellant, v MICHAEL ALDRICH, Respondent. —Harvey, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered May 27, 1986, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia,* remove the parties' child from New York to California.

After a short marriage and the birth of a son, respondent decided that he wanted a divorce and prevailed upon petitioner to obtain one. Incorporated into the judgment, but not merged, was a separation agreement which, *inter alia,* prohibited petitioner from removing the child from New York without court approval. She petitioned for that approval, it was denied and petitioner appeals.

"[T]he court shall determine solely what is for the best interest of the child, and what will best promote its welfare and happiness, and make award accordingly" (Domestic Relations Law § 70). Instructive are the following cases: *Eschbach v Eschbach* (56 NY2d 167); *Morgano v Morgano* (119 AD2d 734); *Klein v Klein* (93 AD2d 807); *Matter of Yeo v Cornaire* (91 AD2d 1153, *affd* 59 NY2d 875); *Martinez v Konczewski* (85 AD2d 717, *affd* 57 NY2d 809), and *Cmaylo v Cmaylo* (76 AD2d 898, *appeal dismissed* 51 NY2d 770). There appears to be general agreement among the courts that each determination is to be made on a case-by-case basis and an effort made to balance the best interest of the child and those of the respective parents.

"Children are not exempt from the dislocation that almost inevitably is imposed on both the young and the adult members of a family affected by divorce. But, in pursuit of society's desire to shield a youngster from ensuing disruptions, the law does not insist that the parents make every possible sacrifice, no matter how disproportionate it may be to the benefit it would bestow on the child. The parents too are entitled to consideration. Always remembering the formative aspects of childhood, the quest, if possible, is for a reasonable accommodation of the rights and problems of both" *(Weiss v Weiss,* 52 NY2d 170, 176-177).

Petitioner proposes to join her husband, whom she recently married, in California where he is employed as an engineer in

a hi-tech industry at an annual salary of $50,000. As an inducement for his continued service, his employer granted him stock options of considerable value which would be lost if he terminated his employment. He owns a comfortable home in a semirural area and has some business interests as well. He is a loving and responsible stepfather of his wife's child.

Respondent opposes the request of petitioner to take the child with her to reside in California. His contention is that his present visitation is beneficial to the child because he is a loving parent most interested in the child's development. On the other hand, petitioner contends that she is a loving parent and that her past performance as a mother is overwhelmingly supportive of her contention that she should be allowed to live with her child and husband in California.

At this point, the past conduct of the two parents should be considered to determine whether the rights of either should be preferred over the other.

The problems confronting us had their genesis when respondent, after a brief marriage and when the child was only three months old, walked out on his marriage and his matrimonial domicile. In doing so, he made unavailable the best means of nurturing a child. At the Family Court hearing herein, petitioner testified that she begged respondent not to leave but he insisted that he no longer wanted to remain married. Confronted with this testimony, he offered no justification for his act. Since that time, he has contributed nothing to the support of his son except a payment of $50 a week and, by his separation agreement, promised to share medical expenses. He has visited his son twice weekly in accordance with the agreement. His salary is $19,000 a year.

To help support herself and respondent, petitioner worked until shortly before the child's birth and resumed her employment two weeks afterward. Since her abandonment by respondent, she has been the sole support of her child with the exception of the rather minor contribution by respondent. In order to be eligible for more remunerative employment, petitioner attended St. Lawrence University on a limited schedule and obtained some credits towards her Master's degree. During all this time, she took care of the child and all his needs. She is so devoted to the child that she has chosen to remain in St. Lawrence County rather than to go to her husband's home in California during the pendency of these proceedings. Both she and her husband have pledged that they would make the great sacrifice of terminating their plans to reside in Califor-

nia and seek employment opportunities in New York if Family Court's decision was to stand.

It is now hornbook law that exceptional circumstances must exist before the visitation rights of a noncustodial parent may be diminished or denied. In our view, the circumstances of this case are grossly exceptional. There is no contention that the proposed move to California is the product of an ulterior motive. The child is still less than three years old and is attracted to his stepfather as much as to his biological father. The stepfather's attitude toward his wife and stepchild, as evidenced by his willingness to risk his career if Family Court's order is allowed to stand, is most exemplary. From all indications, the child's disadvantage resulting from a lessening of visitation with respondent would be minimal. To allow respondent to block the child's change of residence to California is the classic case of the tail wagging the dog. He takes the position that he and his present wife have every right to reside in St. Lawrence County and that petitioner and her husband should make all of the sacrifices. There is no question in our minds that the move to California would benefit the child by granting him a stable life and security that he has not, heretofore, experienced. To deny permission would risk giving up a sure thing and speculating as to factors which are still unknown.

Another factor of importance is the fact that denial of petitioner's request does not allow, as a practical matter, the continued visitation of respondent. Should the stepfather terminate his employment in California and endeavor to find employment in New York, he would have to look for that employment in the hi-tech field. It does not appear that any such opportunity exists in St. Lawrence County or within 175 miles of respondent's home. The most likely opportunities would be in the New York City and Buffalo areas. In view of the very limited public transportation facilities in the northern portions of New York, there would be little or no advantage for respondent merely to have his son reside in this State.

Order reversed, on the facts, with costs, approval granted for the proposed change of residence to California, and matter remitted to the Family Court of St. Lawrence County to establish terms of visitation and to apportion the costs thereof. Main, J. P., Casey and Harvey, JJ., concur.

Weiss and Mikoll, JJ., dissent and vote to affirm in a memorandum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent for the circumstances presented are not so excep-

tional as to justify the proposed relocation to California. As in all custody matters, our pivotal concern must be with the best interest of the child, which is unquestionably fostered when, as here, a continuing, meaningful relationship with the non-custodial parent exists (see, Weiss v Weiss, 52 NY2d 170; Matter of Paesch v Paesch, 130 AD2d 798; Matter of Ferguson v Ressico, 125 AD2d 915; Matter of Dervay v Dervay, 111 AD2d 462, 463; Daghir v Daghir, 82 AD2d 191, 193-194, affd 56 NY2d 938). There is little doubt that both parents are fit, caring and love the child. Nor is it disputed that respondent has faithfully exercised his visitation rights twice each week, as authorized in the separation agreement, and regularly met his child support obligations. It is noteworthy that by virtue of the joint custody provision in the separation agreement, together with petitioner's express agreement not to relocate out-of-State with the child absent judicial authorization, the parties fully contemplated that the father-child relationship would be preserved (see, Matter of Ferguson v Ressico, supra; Matter of Yeo v Cornaire, 91 AD2d 1153, affd 59 NY2d 875).

While it is evident that petitioner's economic status would greatly improve in California, finance is but one factor to consider in the difficult balance of interests to be achieved (see, Morgano v Morgano, 119 AD2d 734, 737). Nor do petitioner's educational aims to be pursued in California warrant a finding of exceptional circumstances, for the Master's degree program she aspires to is available in New York and, in view of her remarriage, is certainly not beyond her economic means. We do not dispute the majority's observation that petitioner and the stepfather have exhibited an exemplary willingness to sacrifice for the child's best interest. But the fact remains that respondent has nurtured a meaningful relationship with the child. To suggest, as does the majority, that the proposed relocation would only work a "minimal" disadvantage in the father-child relationship is unfathomable. Further, the majority's undue emphasis on respondent's conduct in terminating the marital relationship loses sight of the true issue presented, the best interest of the child. In this most difficult of controversies, the findings of Family Court must be accorded great, respect (see, Eschbach v Eschbach, 56 NY2d 167; Matter of Noguera v Noguera, 129 AD2d 906, 907; Morgano v Morgano, supra, at 736) and, under the circumstances presented, we find that the court did not abuse its discretion in prohibiting the relocation.