■ In the Matter of MICHAEL STROH, Appellant, v SUZANNE HUBBARD, Respondent.—Casey, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered September 10, 1986, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to remove the parties' child from New York to Nevada.

Petitioner, who has custody of the parties' child pursuant to a Family Court order which granted respondent liberal visitation and equal authority to make decisions on major issues in the child's life, seeks permission, as required by the order, to move with the child from Cortland County, New York, to Las Vegas, Nevada. In support of his application, petitioner contends that the proposed move will enable him to improve his

financial condition and thereby provide a better current lifestyle for his family, and also provide for the child's future educational needs. Respondent opposes the move, contending that the prolonged periods without visitation resulting from the move will adversely affect the healthy mother/daughter relationship created by the frequent visitation provided for in the custody order. Following a hearing at which both parties testified, Family Court denied petitioner's application, concluding that petitioner had failed to show any compelling reason to interfere with respondent's present frequent and regular visitation and that, therefore, the best interest of the parties' child would not be served by permitting removal of the child to Nevada.

New York courts have recognized not only the value of "the mature guiding hand and love of a second parent * * * [particularly] when the parent-child relationship is carefully nurtured by regular, frequent and welcomed visitation" (Weiss v Weiss, 52 NY2d 170, 175), but also the disruptive effect and resulting adverse impact on the child of sparser visitation caused by the custodial parent's move to a distant location (id., at 176). Thus, such a relocation will not be permitted by the courts absent exceptional or compelling circumstances (Matter of Ferguson v Ressico, 125 AD2d 915; see, Morgano v Morgano, 119 AD2d 734, 737; Matter of Dervay v Dervay, 111 AD2d 462, 463).

There is ample support in the record for Family Court's finding that respondent regularly and frequently exercised her visitation rights to maintain an active and strong relationship with her daughter, and the disruptive impact on this relationship that would result from the proposed move to Nevada is manifest, despite petitioner's offer to permit the less frequent visits to be of longer duration (see, Weiss v Weiss, supra, at 176). Although petitioner's proof established the existence of an employment opportunity in Nevada at a substantial increase in salary, we agree with Family Court that this proof, coupled with petitioner's testimony that he could advance no further in his current job and had submitted applications to many companies in the Cortland County area, was inadequate to show the necessary exceptional circumstances or compelling need for the relocation (see, Matter of Ferguson v Ressico, supra; Morgano v Morgano, supra). Petitioner's suggestion that the relocation would improve the child's health is pure speculation, unsupported by any expert proof.

Petitioner argues that Family Court failed to consider the best interest of the child, emphasizing instead respondent's

visitation rights. This argument overlooks not only the clear wording of Family Court's decision, but also the well-settled principles that "[v]isitation is a joint right of the noncustodial parent and of the child" *(Weiss v Weiss, supra,* at 175) and that the child's best interest is "clearly nurtured by a continued relationship with a noncustodial parent who has maintained reasonable visitation" *(Matter of Ferguson v Ressico, supra,* at 915). We find Family Court's decision to be adequate and, after reviewing the record, see no basis for interfering with Family Court's exercise of discretion in this matter.

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.