■ GABRIELLE CHIAPPARDI, Appellant, v MICHAEL CHIAPPARDI, Respondent. [611 NYS2d 897] —In a matrimonial action in which the parties were divorced by judgment dated March 5, 1992, the plaintiff mother appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated May 12, 1993, which granted the defendant father's motion to modify the divorce judgment to provide him with sole custody of the parties' children, and denied her cross motion for leave to relocate with the children to Florida.

Ordered that the judgment is modified, as a matter of discretion, by deleting the first and second decretal paragraphs thereof, and substituting therefor a provision granting the defendant sole custody of the parties' children, and terminating his obligation to pay child support, in the event that the plaintiff mother relocates to a location that is not within 50 miles of her residence on Washington Avenue in Valley Stream; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to set reasonable visitation for the plaintiff mother, in the event that she relocates to a location that is not within 50 miles of her residence on Washington Avenue in Valley Stream.

The parties were married on September 28, 1980, and their

son was born on September 21, 1984, and their daughter was born on July 14, 1986. On November 23, 1991, the parties executed a stipulation of settlement in which they provided that the parties would have joint custody of the children, but the children's residence would be that of the mother. It was agreed that the father would have liberal rights of visitation with the children. Notwithstanding the specific provisions for the father's visitation, the parties agreed that the father could attend all of the children's organized activities and that, "[e]ach parent [would] be responsible for the making of day-to-day decisions of a routine nature, including but not limited to bedtime, homework and day-to-day social activities customary for Children of similar age and maturity when the Children are with him or her". The stipulation did not expressly preclude the plaintiff from relocating with the children. The parties were divorced by judgment dated March 5, 1992. The judgment of divorce incorporated the provisions of the stipulation of settlement with respect to the children's custody.

In the latter part of October 1992 the mother informed the father that she intended to remarry and move with the children to the State of Florida, where her new husband was stationed in the United States Air Force. Thereafter, the defendant moved for a change of custody of the children, and the mother cross-moved for permission to relocate with the children to Florida. The Supreme Court granted the father's motion and denied the mother's cross motion.

It is well settled that where a proposed relocation may, or is likely to, deprive a noncustodial parent of regular and meaningful access to and interaction with his or her children, the relocating parent must establish the existence of exceptional circumstances to warrant the relocation. Further, even if it can be shown that exceptional circumstances are present, the relocating parent must then establish that the relocation is in the best interests of the children (see, Matter of Radford v Propper, 190 AD2d 93). Contrary to the mother's contention, we find that, based upon the facts and circumstances of this case, the mother failed to establish that circumstances exist which would justify relocation with the children. In the present case, the mother knew when she remarried that her husband's assignment was in Florida, and no evidence was offered to establish that a genuine effort was made to seek an assignment to New York (see, Matter of Porter v Fryer, 142 AD2d 770; cf., Ladizhensky v Ladizhensky, 184 AD2d 756). Moreover, we find that the move would deprive the father of regular access to the children and, under the circumstances of

this case, is not in the best interest of the children. The record shows that a relocation would uproot the children from their community and school, and their friends and extended family.

Furthermore, the father has faithfully exercised his visitation rights and has fully interacted with the children in family, school, and social matters. Based on the foregoing, we find that the Supreme Court did not improvidently exercise its discretion when it denied the mother's application to relocate *(see, Matter of Radford v Propper, supra; Rybicki v Rybicki,* 176 AD2d 867).

While it may be that a Law Guardian or independent psychological expert may have presented the court with another viewpoint on the issue of the best interests of the children, in the context of this case, the court had sufficient evidence from which to make its determination and the failure to make such an appointment was not an improvident exercise of discretion.

We agree, however, that the mother should be given the opportunity to retain joint custody in accordance with the original provisions of the judgment of divorce by remaining in the vicinity of her residence in Valley Stream *(see, Leslie v Leslie,* 180 AD2d 620). Further, if the plaintiff mother relocates to Florida, she is entitled to reasonable visitation. The judgment has been modified accordingly, and the matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.