■ BARBARA ZAROU, Appellant, v DANIEL LEVINE, Respondent. [627 NYS2d 790] —In a matrimonial action, the mother appeals from an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated August 30, 1993, which, after a hearing, *inter alia,* denied her application for permission to relocate with the parties' two children.

Ordered that the order is affirmed, without costs or disbursements.

The threshold question on this appeal is whether the mother's proposed relocation to a distant locale would effectively deprive the father of frequent and regular access to his children, requiring the mother to demonstrate exceptional circumstances. In considering this question, this Court has stated in *Matter of Radford v Propper* (190 AD2d 93, 98), "The term 'distant locale' should not be read literally, as it is evident from the case law that any 'geographic move will not be permitted when it would effectively deprive a parent of regular access to the child' *(Munford v Shaw,* 84 AD2d 810; *see also, Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154-1155, *affd* 59 NY2d 875;

*Rybicki v Rybicki,* [176 AD2d 867], 869)." It must be kept in mind that the overriding concern is the best interests of the children, who are " 'clearly nurtured by a continued relationship with a noncustodial parent who has maintained reasonable visitation' " *(Matter of Radford v Propper, supra,* at 99, citing *Matter of Ferguson v Resilo,* 125 AD2d 915). Additionally, to be meaningful, visitation must be frequent and regular *(see, Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938). Thus, if the proposed relocation, irrespective of the distance, would effectively deprive the noncustodial parent of frequent and regular access to his or her children, the relocating parent must demonstrate exceptional circumstances *(see, Matter of Radford v Propper, supra,* at 98).

The evidence adduced at the hearing in this case indicates that the father has faithfully exercised his visitation rights, and he has fully interacted with the children in family, school, and social matters *(see, Chiappardi v Chiappardi,* 204 AD2d 379). He has been exceptionally involved in the day-to-day parenting of his children *(see, Rybicki v Rybicki, supra,* at 870). Thus, when, as here, the father has demonstrated a sincere interest in the children and has exercised his right to regular and frequent visitation, he must be able to continue to enjoy frequent, regular, and meaningful contact with his children *(Matter of Radford v Propper, supra).*

The Supreme Court did not improvidently exercise its discretion when it denied the mother's application to relocate *(see, Matter of Radford v Propper, supra; Rybicki v Rybicki, supra).* Contrary to the mother's contention, her relocation would deprive the father of regular access to the children, and the mother has failed to establish that there are exceptional circumstances that would justify her relocation with the children. Moreover, the planned relocation is not in the best interests of the children. The record shows that it would uproot the children from their community, their school, their friends, and their extended family.

The mother's remaining contention is without merit. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.