■ In the Matter of DAVID MILLAY, Appellant, v MARGUERITE MILLAY, Respondent. [641 NYS2d 699] —In a proceeding, inter alia, to change the custody of a minor child, the father appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Stanger, J.), dated November 2, 1994, as granted the mother's petition, among other things, to modify visitation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.

The parties were divorced in May of 1993. Pursuant to an agreement between them which was incorporated into the judgment of divorce, the mother is the primary custodial parent of the parties' minor child. The mother agreed, inter alia, to live in a location that would "not preclude [the child] from attending an elementary, middle or high school located within Rockland County, New York." She also agreed to remain within 75 miles of Rockleigh, New Jersey, the father's place of employment.

By a petition dated June 13, 1994, the mother, who had moved to Lakewood, New Jersey, sought permission from the court, inter alia, to enroll the child in a school in that area. It

is not disputed that, if driven by car, Lakewood is approximately 87 miles away from Rockleigh. The father opposed the petition, arguing that it would violate the parties' agreement and interfere with his frequent and meaningful visitation with the child. Accordingly, he argued that the mother needed to demonstrate exceptional circumstances compelling or justifying her relocation. The mother argued that, even if there was a violation of the agreement, the violation was too minimal to require a demonstration of exceptional circumstances. After a hearing, the Family Court held, *inter alia,* that the mother did not need to show exceptional circumstances and that the relocation is in the best interests of the child. We reverse and remit the matter for further proceedings in accordance herewith.

During the pendency of this appeal, the Court of Appeals decided two cases (*Tropea v Tropea,* 87 NY2d 727; *Browner v Kenward,* 87 NY2d 727) in which it held that the exceptional circumstances test no longer applies when determining whether relocation by a custodial parent should be permitted (*see, Zarou v Levine,* 216 AD2d 292; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). Rather, the Court stated: "[I]n all cases, the courts should be free to consider and give appropriate weight to all of the factors that may be relevant to the determination. These factors include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents * * * the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements. In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (*Tropea v Tropea, supra,* at 740-741). In a footnote, the Court further stated, "A geographical relocation restriction agreed to by the parties and included in their separation agreement might be an additional factor relevant to the court's best interests determinations" (*Tropea v Tropea, supra,* at 741, n 2).

Although the Family Court in this case made a determination about the best interests of the child, it is clear from the record that the evidence that was adduced at the hearing on this issue was entirely inadequate. Indeed, at the commencement of the hearing, the Family Court expressly limited the

evidence to the issue of whether or not exceptional circumstances need be shown, and the evidence that was presented focused, in general, on the geography of the relocation. It is clear from the record that the father was not afforded a meaningful opportunity to present evidence, even on the issue of exceptional circumstances (*see, Levine v Levine,* 167 AD2d 449; *Mosesku v Mosesku,* 108 AD2d 795). Accordingly, the matter is remitted to the Family Court, Rockland County, for a new hearing in accordance with the guidelines found in *Tropea v Tropea (supra)* and *Browner v Kenward (supra).* Mangano, P. J., Miller, Ritter and Hart, JJ., concur.