■ GEORGE KLEIN, Appellant, v AHUVAH KLEIN, Respondent. — In a divorce action, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated June 7, 1982, as (1) awarded the defendant wife custody of the parties' child, (2) allowed her to reside with the child in Chicago, Illinois, (3) fixed the plaintiff husband's

visitation rights, (4) ordered him to pay the defendant wife $150 per week in maintenance and $100 per week in child support, and (5) ordered him to pay $2,500 for the defendant wife's counsel fees and expenses. Order modified, on the law and the facts, (1) by deleting from subparagraph "(f)" of the fourth decretal paragraph thereof the following language: "all such visitations shall take place during the day only and not overnight"; and (2) by deleting the entire fifth decretal paragraph thereof, and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the plaintiff may have visitation with the infant issue of the marriage in New York during all visitation periods of more than three consecutive days' duration and it is further". As so modified, order affirmed insofar as appealed from, without costs or disbursements. "It is the general policy of this State that a move by the custodial parent to a distant domicile will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage (see *Weiss v Weiss*, 52 NY2d 170; *Munford v Shaw*, 84 AD2d 810; *Daghir v Daghir*, 82 AD2d 191, affd 56 NY2d 938; *Strahl v Strahl*, 66 AD2d 571, affd 49 NY2d 1036). The primary concern is the child's best interests which is generally found to be furthered by 'his being nurtured and guided by both of his natural parents' (*Daghir v Daghir*, supra, p 193; see *Weiss v Weiss*, supra, p 175). Nevertheless, resolution of such disputes entails a careful balancing of both the rights and problems of the child and his parents (see *Weiss v Weiss*, supra, pp 176-177; *Daghir v Daghir*, supra, p 195). The courts approach matters of this nature on a case-by-case basis and have, on occasion, permitted a move to a distant domicile (see *Martinez v Konczewski*, 85 AD2d 717, affd 57 NY2d 809; *Cmaylo v Cmaylo*, 76 AD2d 898). It has also been stated that upon a showing of exceptional circumstances, a parent may be deprived of his right to reasonable access to the child. Such exceptional circumstances are 'invariably associated with a situation where either the exercise of such right is inimical to the welfare of the children or the parent has in some manner forfeited his or her right to such access (*Matter of Denberg v Denberg*, 34 Misc 2d 980, 986)' (*Strahl v Strahl*, supra, p 574; see *Weiss v Weiss*, supra, p 175; *Daghir v Daghir*, supra, p 194)." (*Schwartz v Schwartz*, 91 AD2d 628, 629.) On the facts of this case, we find that defendant has shown the existence of such "exceptional circumstances" as would justify permitting her to reside with the parties' child in Chicago, Illinois. Defendant testified that the $1,200 per month, which plaintiff offered her would be insufficient to allow her and their child to maintain a separate residence in an Orthodox Jewish area in New York; in Chicago, however, she and the child would be able to reside rent free with her parents and two adult brothers, who would assist her in caring for the child in their four-bedroom house. Additionally, her family, friends and community would provide her with the emotional support which she lacked in New York. Under the circumstances, the relocation is justified in the best interests of both the child and defendant, the custodial parent. However, we find that Special Term erred in imposing excessive restrictions on plaintiff's exercise of his visitation rights. Plaintiff shall be allowed overnight visitation with his infant son on all occasions, and shall be allowed to have such visitation in New York on all visitations of more than three consecutive days' duration. Accordingly, we have modified the order of Special Term to permit such additional visitation. We have considered plaintiff's other contentions, and find them to be without merit. Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.