■ In the Matter of THOMAS H. JONES, Respondent, v KAREN A. JONES, Appellant. — Appeal from an order of the Family Court of Delaware County (Estes, J.), entered August 10, 1983, which modified a prior order and granted petitioner sole custody of the parties' child.

In affirming Family Court's earlier determination assigning joint custody of Peter Jones to his parents with physical custody to respondent, this court noted the fitness of both parents in that they were able to work cooperatively with respect to Peter's welfare, but found that respondent had displayed greater vocational and personal stability as well as a greater capacity to provide for the boy's over-all needs (92 AD2d 632). Since that earlier custody order, respondent has lost her position as the director of Headstart for Delaware Opportunities, Inc., in the Town of Walton, Delaware County, and has relocated with her son to Holliston, Massachusetts, approximately 260 miles away, where she accepted a position as minister of Christian education with a local church. Respondent is a divinity school graduate.

On January 4, 1983, one day after discovering that respondent had taken Peter from school to Massachusetts, petitioner, by order to show cause, petitioned for sole custody, asserting that the removal of Peter to Massachusetts represented a substantial change in circumstances. The order to show cause granted petitioner custody of Peter pending the outcome of the hearing.

Testimony at the hearing disclosed that respondent had been discharged as director of Headstart, effective June 1, 1982, in part because of a personality conflict with her supervisor; parenthetically, respondent had held her position for two years, which was twice the average tenure of her nine predecessors. She then searched unsuccessfully for employment in New York State, eventually securing a position with a church in Holliston, Massachusetts; her ordination as a minister was imminent.

The only evidence in the record justifying the change in custody directed by Family Court is the fact of respondent's relocation to Massachusetts to pursue her profession as a minister. Although a distant domicile which disrupts the child's relationship with the noncustodial parent is disfavored (see *Weiss v Weiss,* 52 NY2d 170; *Matter of Yeo v Cornaire,* 91 AD2d 1153, affd 59 NY2d 875; *Daghir v Daghir,* 82 AD2d 191, affd 56 NY2d 938), where relocation is necessitated by legitimate health, financial, educational or employment considerations it has been tolerated (see *Klein v Klein,* 93 AD2d 807; *Schwartz v Schwartz,* 91 AD2d 628; *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809). Here, relocation was motivated by the

economic realities of respondent's employment situation and, significantly, it is not inconsistent with the child's best interests.

Not only has respondent arranged to have Peter's special educational and medical needs attended to in Holliston, but petitioner's visitation rights have not been unduly disrupted. Under the initial custody award, the parties amicably fashioned a visitation schedule even though petitioner's home in the Village of Heuvelton, St. Lawrence County, where he is engaged as an ordained minister, was approximately 220 miles from Walton, where the son resided. Effectuating petitioner's visitation rights required Peter to travel approximately four and one-half hours. Except for a comparatively brief period following departure to Holliston, which is not appreciably farther from Walton than is Heuvelton, respondent has consistently and actively supported petitioner's visitation. Indeed, it appears that since the move, the parents have established a workable visitation schedule which substantially preserves petitioner's time with Peter and actually decreases the time the latter is in transit between parents. Inasmuch as the parties have consistently cooperated for their son's benefit in the type of mature, amicable fashion which supports a joint custody arrangement (see *Braiman v Braiman,* 44 NY2d 584, 589-590) and they have not been shown to be less fit as parents than they were before, and since a breach of the child's life-style, medical care and schooling is unavoidable regardless of which parent is granted physical custody of Peter, no compelling reason exists for altering the original custody arrangement.

Family Court's contrary conclusion was apparently prompted in part by respondent's failure to notify the court and petitioner of her intention to move to Massachusetts before actually doing so and because she failed to comply with the court's order, later stayed, granting petitioner temporary custody of Peter. Although her conduct in this regard is unacceptable, it was understandable for it was actuated by her fear of petitioner's reaction to her departure and her decision to use the same method of notification used by petitioner in an earlier incident when he unilaterally undertook to relocate to Heuvelton. Although not to be condoned, her behavior simply does not render her undesirable as a custodian (see *Matter of Lang v Lang,* 9 AD2d 401, 409-410, affd 7 NY2d 1029).

Order reversed, on the law and the facts, without costs, petition dismissed and original order entered November 24, 1981 reinstated. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.