■ LYNN SUSSMAN, Appellant, v EARL SUSSMAN, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court, entered April 15, 1985 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury, which, *inter alia,* awarded the parties joint custody of their child.

The parties were married in 1977 and have one child, born 3½ months premature on December 23, 1982. The child remained in the hospital for some four months due to serious complications associated with his premature birth. Although he has made consistent and substantial progress following his discharge from the hospital, the child needs continuing medical attention and therapy.

Plaintiff left the marital residence in December 1983, taking the child with her, and moved to her parents' home in Atlanta, Georgia. Plaintiff commenced this divorce action shortly thereafter and when the matter came to trial, defendant withdrew his answer, allowing plaintiff to proceed with an uncontested divorce. The parties also stipulated to a settlement of the equitable distribution issues, leaving only questions of custody, visitation and child support. Following a trial of these issues, Trial Term ordered joint custody of the child, whose primary residence was to be with plaintiff in Atlanta, Georgia. Physical custody of the child was granted to defendant for certain vacation periods during the school year and for two months of the summer. Plaintiff appeals.

There is no dispute as to the fitness of either parent, and the record establishes that despite their marital difficulties resulting in a divorce, the parties are capable of behaving in a mature, civilized and cooperative fashion for the benefit of their son. Trial Term found that the "irreconcilable differences" claimed by plaintiff at trial, repeated here on appeal, were largely superficial and not so deep rooted as to disrupt the pattern of cooperation evidenced by the parties' postseparation conduct. We agree. Plaintiff testified at trial that she encouraged a loving relationship between father and son and that she would be cooperative. Defendant has consistently sought joint custody and neither his testimony nor his prior conduct suggests an inability or unwillingness to make the arrangement work. The record also establishes that both parents can provide the special services needed by the child due to the medical problems associated with his premature birth. In these circumstances, we cannot say that joint custody with physical custody primarily to plaintiff was inappropriate (see, Matter of Jones v Jones, 92 AD2d 632, 105 AD2d 535, affd 65 NY2d 649; see also, Nolan v Nolan, 107 AD2d 190, 194; Bazant v Bazant, 80 AD2d 310; cf. Braiman v Braiman, 44 NY2d 584). Nor do we see any reason to disturb the award of physical custody, which avoids the disruptive effect of alternating physical custody, yet provides the parties with ample opportunity to nurture the parent-child relationship, thereby serving the child's best interest.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.