■ Thomas M. Murphy, Jr., Appellant-Respondent, v Lynn E. Murphy, Respondent-Appellant.—Mikoll, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), granting, *inter alia,* custody of the parties' child to defendant, entered April 27, 1988 in Ulster County, upon a decision of the court, without a jury.

Plaintiff and defendant married in October 1980. They maintained their marital home in the City of Kingston, Ulster County. They had one son, Tommy, born in 1981. Defendant has had primary custody of Tommy since the parties separated in August 1985 pursuant to court order, with plaintiff enjoying liberal visitation rights.

During divorce proceedings commenced in September 1985, both parties sought custody of Tommy. Defendant expressed an intention to return to the Rochester area where she was raised and had family and relatives. In response plaintiff requested that defendant be enjoined from relocating with Tommy anywhere in excess of a 50-mile radius of Kingston. This was denied, primary custody was granted to defendant and liberal visitation rights were granted to plaintiff, by order of March 1987. Defendant thereafter relocated to the Rochester area with Tommy. Subsequently a final judgment of divorce by Supreme Court, entered April 27, 1988, incorporated the March 1987 and March 1988 decisions of the court relating to custody and visitation. Plaintiff appeals from the judgment of divorce. The cross appeal of defendant has been withdrawn.

Plaintiff claims that defendant's relocation to Rochester will

effectively deprive him of his visitation rights and asserts that he will be unable to maintain his relationship with his son. He argues that the expense of traveling to Rochester is preclusive of regular visitation and that the demands of his work, where he frequently works 60 hours a week including some Saturdays, render visitation to Rochester, about 340 miles away, impracticable. Plaintiff's contentions lack merit.

The record contains sufficient evidence for Supreme Court to conclude that plaintiff's visitation rights were not substantially impaired by defendant's relocation with Tommy. After defendant and Tommy moved to Rochester, the parties attempted, with substantial success, to abide by the temporary arrangement for visitation. Plaintiff is employed as a general sales manager of an auto dealership in Kingston owned by his father. He conceded that he would be able to pick up Tommy in Utica on a weekly basis. Plaintiff appears to have sufficient financial means and flexibility in his work schedule to be able to effectuate his visitation rights. On several occasions the parties met in Utica to transfer Tommy. This ability to adhere to a workable visitation arrangement for several months following defendant's initial move to Rochester was an indication that the move would not be unduly disruptive of, or substantially impair, plaintiff's visitation rights (see, Jones v Jones, 105 AD2d 535, 536, affd 65 NY2d 649).

Supreme Court's determination that defendant's move to Rochester would not deny plaintiff regular access to Tommy (see, Klein v Klein, 93 AD2d 807, 808; Daghir v Daghir, 82 AD2d 191, 194, affd 56 NY2d 938) should not be disturbed absent a clear abuse of discretion (see, Lo Bianco v Lo Bianco, 131 AD2d 642, 643; Anonymous v Anonymous, 120 AD2d 983, appeal dismissed 68 NY2d 808). There is no reason to consider the issue of whether there were exceptional and compelling circumstances which would justify defendant's move (see, Klein v Klein, supra; see also, Matter of Stroh v Hubbard, 133 AD2d 489, 490) since the move to Rochester is not unduly disruptive of plaintiff's visitation rights and plaintiff will not be deprived of regular access to Tommy. The judgment of Supreme Court should therefore be affirmed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application for ordinary disability retirement benefits.