■ In the Matter of ARTHUR P. SCHOUTEN, Respondent, v VIRGINIA L. SCHOUTEN, Appellant.—In a proceeding pursuant to Family Court Act article 6, the mother appeals from a dispositional order of the Family Court, Orange County (Bivona, J.), entered September 6, 1989, which, after a hearing, granted the father's petition to change custody of the parties' two children from the mother to him on the ground that the mother had relocated with the children from Circleville, New York, to Tupper Lake, New York.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs to the defendant, and the petition is granted to the extent that the father is awarded visitation of (1) one weekend per month, (2) alternate Christmas and Easter (or spring) recesses, (3) alternate Thanksgiving recesses, (4) every Father's Day weekend, (5) six weeks of the children's summer recess and (6) at any other reasonable times agreed upon by the parties, and is otherwise denied.

The parties were married in 1976 and have two children, Arthur Paul, Jr., born in 1979 and Katherine Ann, born in 1982. The family resided together in Circleville, New York, until the parties separated in October 1988 and the father moved to another residence in the same municipality. In

February 1989 the parties entered into a separation agreement pursuant to which the mother was given sole custody of the children and the father was given liberal visitation. The separation agreement was incorporated but not merged into a judgment of divorce dated March 14, 1989.

In June 1989 the father commenced the instant proceeding seeking to transfer custody from the mother to himself on the ground that the mother had moved her residence from Circleville to Tupper Lake, New York, a distance of 258 miles, that the move interferred with his visitation rights, and that the move was not in the best interests of the children. Following a hearing, the Family Court granted the petition, transferred custody of the children to the father, and awarded the mother visitation of seven weeks in the summer and one half of the children's Christmas and Easter school recesses. We reverse.

A change in custody may be made by the court only when the totality of the circumstances warrants doing so in the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Since any such determination depends largely upon an assessment of the credibility and character of all the parties involved, the trial court's findings must be accorded great respect on appeal *(see, Eschbach v Eschbach, supra).* Nonetheless, "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). Such is the case here.

While the record makes it clear that the parties are equally fit parents, the father has failed to show that a change of custody is justified by the mother's relocation. In particular we reject his contention that the geographic move would effectively deprive him of regular and meaningful access to the children *(see, Weiss v Weiss,* 52 NY2d 170; *Schwartz v Schwartz,* 91 AD2d 628). Tupper Lake is a reasonable distance from the father's residence and the five-to-six-hour drive would not be impracticable under the visitation schedule ordered herein *(see, Blundell v Blundell,* 150 AD2d 321; *Murphy v Murphy,* 145 AD2d 857; *Zaleski v Zaleski,* 128 AD2d 865). The record reveals no intent on the part of the mother to curtail the father's visitation. Indeed, each of the parties had demonstrated a willingness and ability to share in the transportation of the children for purposes of visitation.

There are a number of additional factors weighing against a change in custody. For instance, the parties had agreed, just

three months prior to the date of the father's petition, that the mother was to be the custodial parent. Priority should be afforded the first determination of custody *(see, Eschbach v Eschbach,* 56 NY2d 167, *supra; Matter of Nehra v Uhlar,* 43 NY2d 242).

Furthermore, the children were interviewed by the court in camera and both expressed a preference to remain with their mother so long as they could have frequent visitation with their father. "While not determinative, the child's expressed preference is some indication of what is in the child's best interests" provided that the court consider "the age and maturity of the child and the potential for influence having been exerted on the child" *(Eschbach v Eschbach, supra,* at 173). The Law Guardian opposed the change in custody, and urged that the children herein, aged 10 and 7 years old, respectively, exhibited sufficient maturity and intelligence to state their preference of living arrangements. The trial court's conclusion that the children were coached by their mother prior to the interview is simply unsupported by the record.

This case presents a unique set of circumstances in that for all of their lives these children have been spending a large portion of their summers and many holidays in Tupper Lake with their maternal grandparents who reside and operate a business there. Consequently, they are quite familiar with the area and, as noted by the trial court, were enthusiastic about the relocation.

Accordingly, under the totality of the circumstances presented in this case, the best interests of the children would be served by returning them to the custody of their mother with liberal visitation to the father. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.