■ MICHAEL KUZMICKI, Respondent, v KATHLEEN KUZMICKI, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated November 18, 1986, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated November 27, 1989, as, after a hearing, denied her motion to modify the judgment of divorce to permit her to remove their minor son to the State of California.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties in this action were married in August 1979 and divorced in November 1986. Their son was born on January 2, 1983. Pursuant to a stipulation which survived the divorce judgment, the defendant wife was granted sole custody of the child and the plaintiff husband was given liberal visitation rights. The wife had the right to take the child out of New York State to visit with her family in California, but she could only do so for periods not to exceed 21 days. The defendant wife moved to modify the divorce judgment so that she and the child could move permanently to California where she would reside with her mother and work in her brother's business as an office administrator. She asserted that the move would greatly improve her financial condition and would provide both her and her son with a better life.

The plaintiff husband opposed the motion asserting that the wife had failed to demonstrate any exceptional circumstances warranting the child's removal to California and that it would be in the child's best interest to stay in Brooklyn where he had many relatives and strong ties. The husband further asserted that given his limited financial resources, if the child were relocated to California, it would be virtually impossible for him to see and raise the child. He cross-moved for custody in the event the wife insisted on moving to California.

Where a custodial parent seeks to remove a child to a distant location, the first issue to be addressed is whether the parent seeking such permission has demonstrated exceptional circumstances so as to warrant custodial relocation. It is well settled that a move by a custodial parent to a distant domicile, unless there are exceptional circumstances present, will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child *(see, Weiss v Weiss,* 52 NY2d 170; *Meier v Meier,* 156 AD2d 348).

In a case where the custodial parent is relocating to a distant domicile, "[t]he predominant concern is the best interest of the children, although the resolution of such disputes also 'entails a careful balancing of both the rights and problems of the child[ren] and [their] parents' " *(Meier v Meier, supra,* at 351, quoting *Schwartz v Schwartz,* 91 AD2d 628, 629). While "the best interests of the child" test may, under certain circumstances, constitute the major component of the "exceptional circumstances" test, it is incumbent upon the custodial parent to demonstrate exceptional circumstances which would justify removal of the child to a distant location. Exceptional or compelling circumstances have been stated to include "exceptional financial, educational, employment, or health considerations which necessitate or justify the move" *(Richardson v Howard,* 135 AD2d 1140).

In the instant case, the wife has failed to sustain her burden of showing that there exist exceptional or compelling circumstances to justify moving the child across the country. While the wife has a home with her mother and a job with her brother waiting for her out in California, she has made minimal efforts to secure a job in New York *(see generally, Hendrey v Hendrey,* 110 AD2d 753, 754), and her job history in California is not impressive. We note that during the one-year period between 1984 and 1985 when she lived in California with the child, the wife did not work at all and remained on welfare. It is indeed speculation, at best, as to whether the proposed move to California would add any stability and security to the mother's and child's life *(cf., Matter of Aldrich v Aldrich,* 130 AD2d 917).

Moreover, we agree with the Supreme Court's determination that the wife's proposed move to California with the child would not be in the child's best interest. Indeed, it appears that it is in the child's best interest to continue residing in the same area, where he could go to the same school and have the benefit of his extended family living nearby, including the undisputed warm, loving and frequent contact with his father

*(see generally, Morgano v Morgano,* 119 AD2d 734, 736). The child is currently eight years old, and has been living with the wife at the same address in Brooklyn since his birth, save for a one-year period when she took the child to her mother's home in California in 1984. The majority of the child's relatives from both his mother's and father's families live in the New York area.

We note that there is no evidence that the husband's exercise of his right to access has been inimical to the child or that he has, in some manner, forfeited his right to such access. In fact, he has taken full advantage of his visitation rights and it is apparent that a move to California would effectively destroy any chance he would have to maintain regular, substantial access to the child. His financial resources are extremely limited and could not tolerate the cost of extensive travel which would be entailed in continuing his important and needed role in the child's life *(see, Matter of Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875; *cf., Blundell v Blundell,* 150 AD2d 321).

For all these reasons, the determination of the Supreme Court was proper. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.