■ DAVE VON OHLEN, Respondent, v BRENDA VON OHLEN, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered November 26, 1990, as prohibited her from moving out of the

State of New York without the written consent of the plaintiff husband.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the fourth decretal paragraph thereof is deleted, a provision is substituted therefor granting the defendant leave to relocate with the child to Little Rock, Arkansas, and the matter is remitted to the Supreme Court, Queens County, to a Justice thereof, to set forth the terms of visitation and to apportion the costs of visitation.

The plaintiff husband, who is from New York, and the defendant wife, who is from Little Rock, Arkansas, were married in New York, in November 1984. Because the husband was then a professional baseball player, the parties led a very nomadic existence throughout their marriage. In September 1988, after the husband finished the season playing baseball in Tacoma, Washington, the parties returned temporarily to New York to visit the husband's father, who was ill, with the expectation that they would relocate in the spring to the place where the husband would be playing baseball. On April 17, 1989, the parties' son was born. Two days later, the husband abruptly told the wife that he no longer loved her and that she should take their son and go back to Little Rock. Nevertheless, the wife chose to remain with the husband and try to save the marriage. About 10 days later, the husband left the wife and moved in with his girlfriend. Shortly thereafter, the husband commenced this divorce action.

At the trial, the parties entered into a stipulation which settled all of the issues in the case, except for the question of whether the wife could relocate with the child to Little Rock, and the related question of visitation. In the interim, the husband had changed his position and wanted the child to remain in New York. On that issue, the husband prevailed and the judgment of divorce, while awarding the wife custody, precluded her from relocating with the child outside of New York State. The wife now appeals.

We agree with the wife that she has demonstrated "exceptional circumstances" and that the best interests of the child warrant her relocation to Little Rock (see, Hemphill v Hemphill, 169 AD2d 29; Coniglio v Coniglio, 170 AD2d 477; Meier v Meier, 156 AD2d 348; Matter of Savino v Savino, 110 AD2d 642). During the marriage, the parties led a transient lifestyle and established no long-term domicile. Further, the wife established an economic necessity for her move to Arkansas (see, Hemphill v Hemphill, supra, at 34). The wife presently re-

ceives a total of only $125 per week in child support and maintenance, has been unable to obtain employment in New York, and has no relatives or friends here who could support her with child care or otherwise. Indeed, the husband's mother testified that she was unable to continue babysitting for the child and that she knew of no one else in New York upon whom the wife could rely for assistance. In Little Rock the wife would be closer to her family and have reduced living expenses. Her relatives have testified that they could provide her with housing at no cost, arrange for full-time employment, and assist with child care *(see, Hemphill v Hemphill, supra).*

We note that the wife has expressed a willingness to cooperate so that the husband can maintain meaningful visitation after she relocates to Arkansas *(see, Blundell v Blundell,* 150 AD2d 321). Based on the foregoing, the child's best interests favor relocation *(see, Hemphill v Hemphill, supra,* at 34; *Kuzmicki v Kuzmicki,* 171 AD2d 843, 844; *Matter of Aldrich v Aldrich,* 130 AD2d 917; *Schwartz v Schwartz,* 91 AD2d 628).

In view of our determination, we need not address the wife's remaining contention. Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.