■ In the Matter of THOMAS R. HOLLINGTON, JR., Appellant, v ANNETTE M. COCCHIOLA, Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals (1) from an order of the Family Court, Suffolk County (Auperin, J.), entered June 12, 1989, which awarded custody of his infant son to the respondent mother, and (2), as limited by his brief, from so much of an order of a Hearing Examiner (Berler, J.), entered December 21, 1989, as denied his objection to that branch of a determination of a Hearing Examiner (Silverman, H.E.), dated June 23, 1989, which, upon restoring a prior support order, directed that restoration be nunc pro tunc to March 13, 1989.

Ordered that the order entered June 12, 1989, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 21, 1989, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the objection to that branch of the order dated June 23, 1989, which restored support nunc pro tunc to March 13, 1989, is sustained, that provision of the order dated June 23, 1989, is vacated, and a provision that reinstatement of the prior order of support shall be effective June 12, 1989, is substituted therefor.

The petitioner father and the respondent mother, who never married, are the parents of a son who is presently six years old. The parents have not resided together since the child's birth, but by tacit agreement the mother had custody of him from that time. The father admitted paternity, consented to the entry of a support order in the amount of $50 per week, and enjoyed liberal visitation. In January 1988 the father filed a petition seeking custody of his son, alleging that he was better able to provide for the child's financial needs than the mother, who was then on public assistance, and that the mother drank and associated with unwholesome people.

Although not without some difficulty, visitation continued, and a trial date on the father's petition was fixed. The mother, however, moved, first to Colorado and then to California, and did not appear for trial. The record before us indicates, and the Family Court found, that prior to the move, the mother informed the father of her intentions. Following an inquest, the Family Court granted the father's petition and awarded him custody. In December 1988 the father moved to vacate the support order, flew to California, and retrieved his son.

Immediately thereafter, the mother, who had by then obtained employment in California and who was residing there with her parents, flew to New York and made application to vacate her default. In March 1989 the Family Court issued an order suspending the father's obligation to pay the mother child support pending resolution of her motion to vacate her default.

Following a full trial and an in camera interview with the child, the Family Court, by the first of the orders from which the father appeals, determined that the child's best interests would be served by awarding custody to the mother.

In making its determination, the court found that the mother's relocations had been motivated solely by economic reasons. It also authorized the child's relocation to California and provided for visitation with the father. By the second of the two orders appealed from, the court denied the father's objections to a determination by a Hearing Examiner that not only should the suspended support order be restored but that restoration should be retroactive to March 13, 1989, even though the mother did not re-obtain custody until June 12, 1989.

We discern no basis for disturbing the Family Court's determination that the child's best interests will be served if the mother has custody (see, Friederwitzer v Friederwitzer, 55 NY2d 89; see also, Eschbach v Eschbach, 56 NY2d 167). We also discern no basis for disturbing the determination approving the relocation to California (see, Shed v Sofia, 70 NY2d 997; Hemphill v Hemphill, 169 AD2d 29).

While it is the general rule that relocation will not be permitted when it will effectively deprive the noncustodial parent of regular access to the child, that rule is not absolute (Matter of Bonfiglio v Bonfiglio, 134 AD2d 426; Blundell v Blundell, 150 AD2d 321). Relocation will be permitted upon a showing of "exceptional circumstances" (Matter of Bonfiglio v Bonfiglio, supra, at 427) which include " 'exceptional financial, educational, employment, or health considerations which necessitate or justify the move' " (Kuzmicki v Kuzmicki, 171 AD2d 843, 844). If exceptional circumstances have been established, then there must be a showing that the best interests of the child warrant the relocation. In this case, the mother clearly demonstrated that she was receiving public assistance in New York and was unable to obtain anything more than temporary, part-time jobs in this State. She made an adequate showing that the job market for a single mother was de-

pressed in New York. Further, she established that she was having great difficulty in supporting the child on the small amount the father paid in child support before he was placed on disability. In California, she was able to find a permanent job where she earns $1,000 per month, and she lives rent-free with her parents. Thus, although her skills are not specialized and the position she holds is not extraordinary *(cf., Bryan v Bryan,* 99 AD2d 743), the mother has demonstrated that there was an "exceptional financial" necessity *(Kuzmicki v Kuzmicki, supra,* at 844) for relocating to California and that the relocation was in the best interests of the child, thereby justifying removal of the child who is now attending school and enjoying the benefits of his extended family in that State.

Furthermore, the parties were never married and they never lived together with the child. The father had custody of the child for only a short period of time; and at other times, his relationship with his son was that of a mere visitor. During those visits, the father demonstrated that he was less than an exceptional parent.

We agree with the Family Court's determination that custody should remain with the mother, and that reinstatement of the support order is therefore appropriate. However, we find no justification for the determination that the father's obligation to pay the mother support, which obligation was suspended by court order *(cf., Miller v Miller,* 160 AD2d 912), should be reinstated retroactively to include a portion of the period when the child resided with the father. Balletta, Rosenblatt and Eiber, JJ., concur.

Harwood, J. P. (concurring). I readily concur with my colleagues in affirming the determination that the mother should have custody of the child and approving of her relocation to California. I write separately only to express my disagreement with the suggestion that, in cases such as these, a formulaic threshold need be met before the court can examine the child's best interests. It is my view, rather, that exceptional circumstances, the best interests of the child or children, the effect on both the custodial and noncustodial parent, and his or her ability to continue to have a meaningful relationship with the child, are all important factors which must be considered, and not necessarily in any order, in determining, on a case by case basis, whether a custodial parent should be able to relocate *(see, Shed v Sofia,* 70 NY2d 997; *Hemphill v Hemphill,* 169 AD2d 29; *Blundell v Blundell,* 150 AD2d 321; *Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426; *see also, Weiss v Weiss,* 52 NY2d 170).