■ In the Matter of DOROTHY TEMPERINI, Respondent, v CARL J. BERMAN, Appellant. [605 NYS2d 363] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Queens County (De Phillips, J.), dated September 10, 1992, which, *inter alia,* found him to be in violation of an order of protection issued by the same court on October 11, 1991, and (2) an order of the same court, dated November 6, 1992, which, *inter alia,* suspended visitation between the father and the child, and granted the mother's cross motion to relocate with the child to California.

Ordered that the orders are affirmed, with one bill of costs.

The record supports the Family Court's determination that the father violated an order of protection issued by the court on October 11, 1991, by making three false reports of child abuse against the mother.

We further find that the Family Court properly permitted the mother to relocate to California. While it is the general rule that relocation will not be permitted when it will effec-

tively deprive the noncustodial parent of regular access to the child, that rule is not absolute *(see, Matter of Hollington v Cocchiola,* 180 AD2d 635; *see also, Blundell v Blundell,* 150 AD2d 321). Relocation will be permitted upon a showing of "exceptional circumstances" which include "exceptional financial, educational, employment, or health considerations which necessitate or justify the move" *(Kuzmicki v Kuzmicki,* 171 AD2d 843, 844, quoting from *Richardson v Howard,* 135 AD2d 1140). If exceptional circumstances have been established, then there must also be a showing that the best interests of the child warrant the relocation.

In this case, the mother and her husband each clearly demonstrated that they were unemployed and unable to find jobs in New York *(see, Matter of Hollington v Cocchiola, supra).* The testimony of the mother and her husband also demonstrated the family's economic hardship in that they were being supported through the husband's unemployment insurance, due to run out after the completion of 13 weeks, and that they had meager savings and no other assets. The mother also presented evidence at the hearing that the father had been delinquent in making child support payments. Further, the mother and her husband testified that a manager of an apartment complex in California had offered them jobs there *(see, Matter of Hollington v Cocchiola, supra).* In addition, the mother's family resides in California and agreed to assist the family in relocating. We note that since the father's visitation with his daughter has been suspended, the relocation itself will not serve to deprive him of regular access to the child *(cf., Matter of Radford v Propper,* 190 AD2d 93; *Rybicki v Rybicki,* 176 AD2d 867, 870).

Based upon the foregoing, we find that exceptional circumstances justified the mother's relocation to California and that the relocation was in the best interests of the child *(see, Kuzmicki v Kuzmicki,* 171 AD2d 843, 844, *supra; Matter of Aldrich v Aldrich,* 130 AD2d 917; *Schwartz v Schwartz,* 91 AD2d 628).

The father's remaining contentions are without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.