■ DWINNIE LAVANE, Respondent, v BRIAN LAVANE, Appellant. [608 NYS2d 475] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered October 19, 1990, as, after a nonjury trial, (1) granted the plaintiff wife permission to relocate to Florida with the three children of the marriage, and (2) directed him to pay $7,000 to the plaintiff wife's attorney as a counsel fee, and $1,500 to the plaintiff as an accountant's fee.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties in this action were married in August 1973 and have three children: Michael, born on July 7, 1975, Stephen, born on July 18, 1979, and Sean, born on January 16, 1985. Although the husband did not oppose the wife's action for divorce, he opposed her application to relocate with the three children to Florida.

"Where a proposed move may, or is likely to, deprive a noncustodial parent of regular and meaningful access to and interaction with his or her children, two further tests must be satisfied by the custodial parent wishing to relocate. First, the

relocating parent must establish the existence of exceptional circumstances to warrant the relocation * * *

"Further, even if it can be shown that exceptional circumstances exist, the relocating parent must then establish that the relocation is in the best interests of the child" *(Matter of Radford v Propper,* 190 AD2d 93, 100).

In the instant case, the wife has sustained her burden of showing that there exist exceptional or compelling circumstances to justify moving the children to Florida. The wife's employment opportunities on Long Island are limited, and she can earn $240 per week working 30 hours per week for her uncle's insurance agency in Florida. Furthermore, certain financial considerations, such as rent-free housing and free baby-sitting services to be provided to the wife by various members of her family in Florida and unavailable to her in Long Island, justify the move *(see, e.g., Blundell v Blundell,* 150 AD2d 321; *Klein v Klein,* 93 AD2d 807; *Schwartz v Schwartz,* 91 AD2d 628). We also take note of the emotional support readily available to the wife from members of her family in Florida, which is totally lacking in Long Island *(see, Klein v Klein, supra).*

In addition, we find that the wife's proposed move to Florida would, in fact, be in the children's best interests. The wife's family, with whom the children have a close relationship, lives in Florida. Although their paternal grandmother lives in Long Island, the children are not close to her and see her infrequently. The husband has a poor relationship with one of his children. Also, owing to his business and personal interests, he does not spend substantial time with the children. Lastly, the husband's daughter from a previous marriage also lives in Florida, and she is close to her half-brothers.

For all these reasons, we find that the determination of the Supreme Court to grant the wife's application to relocate was not an improvident exercise of discretion.

Contrary to the husband's contention on appeal, we further find that the court's awards of counsel and expert fees were not excessive. The court directed the husband to pay only a part of the wife's counsel fees and expert fees, and did not improvidently exercise its discretion in doing so *(see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Brancoveanu v Brancoveanu,* 177 AD2d 614). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.