(March 14, 1994)

■ JOHN AMATO, Appellant, v CARRIE-LEE AMATO, Respondent. [609 NYS2d 51] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 30, 1993, which, *inter alia,* granted the defendant wife permission to relocate to the State of Idaho with the parties' two minor sons, and granted the defendant child support in the amount of $150 per week.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is the general policy of this State that a move by the custodial parent to a distant locale will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage *(see, Leslie v Leslie,* 180 AD2d 620, 621; *Ladizhensky v Ladizhensky,* 184 AD2d 756). This policy is based upon the principle that visitation is a joint right of both the noncustodial parent and the child *(see, Weiss v Weiss,* 52 NY2d 170), and upon the premise that the

best interests of the children would be furthered by their being nurtured and guided by both of their natural parents (see, *Rybicki v Rybicki,* 176 AD2d 867; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). However the general rule against relocation is not absolute and it will be permitted upon a showing of "exceptional circumstances" (see, *Matter of Radford v Propper,* 190 AD2d 93).

We agree with the wife that she has demonstrated "exceptional circumstances", and that the best interests of the two infant children to the marriage warrant her relocation to Lewiston, Idaho (see, *Hemphill v Hemphill,* 169 AD2d 29). During the marriage, the parties led a transient lifestyle and established no long-term domicile (see, *Von Ohlen v Von Ohlen,* 178 AD2d 592). Further, the wife established an economic necessity to move to Idaho (see, *Hemphill v Hemphill, supra,* at 34). She has been unable to find affordable housing and child care on her limited $25,000 salary. In Idaho, the wife could be closer to her family and have reduced living expenses. Her mother has testified that she could provide her with no-cost housing, full-time employment, health insurance, and assist with child care (see, *Hemphill v Hemphill, supra*).

We have considered the plaintiff husband's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.