■ MARJORIE SLANKARD, Formerly Known as MARJORIE L. CHAHINIAN, Respondent-Appellant, v PHILIPPE CHAHINIAN, Appellant-Respondent. [611 NYS2d 300] —In a matrimonial action in which the parties were divorced by a judgment dated August 31, 1985, the defendant former husband appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 31, 1992, as granted the motion of the plaintiff former wife, for, inter alia, attorney's

fees, experts' fees, and an upward modification of child support payments, and the former wife cross-appeals, from so much of the same order as limited the award for attorney's fees and upward modification of child support.

Ordered that the order is modified, on the law and the facts, by deleting the sixteenth, nineteenth, and twenty-sixth decretal paragraphs thereof; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination with respect to child support in accordance herewith; and it is further,

Ordered that, in the interim, the former husband shall pay the former wife child support in the amount of $220 per week.

The court erroneously determined, without explanation, that the former wife's 1991 income was $70,000, when she admitted that her income in that year was $75,000. Thus, the court's computation of child support pursuant to the Child Support Standards Act *(see,* Domestic Relations Law § 240) was in error since it applied the $70,000 figure in calculating the wife's proportionate share of the parties' child support obligations.

The court also erred when it subtracted child care expenses from the basic child support amount and when it directed that the former husband and the former wife bear 15% and 85% of this cost, respectively. Where, as here, the custodial parent is working, child care expenses "shall be prorated in the same proportion as each parent's income is to the combined parental income [and e]ach parent's pro rata share of the child care expenses shall be separately stated and added to the [amount]" of basic child support calculated under the Child Support Standards Act Domestic Relations Law § 240 [1-b] [c] [4]).

It was error to deduct the son's psychiatric care expenses from the basic child support amount and to direct that the former husband and the former wife bear 60% and 40% of this expense, respectively. "[T]he court shall prorate each parent's share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent's income is to the combined parental income". (Domestic Relations Law § 240 [1-b] [c] [5].) The amount arrived at should then be added to the amount of basic child support calculated under the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Lenigan v*

*Lenigan,* 159 AD2d 108; *see also, Lauria v Lauria,* 187 AD2d 888; *Matter of Copeland v Evans,* 181 AD2d 1062).

We find that the former wife's contention that summer camp expenses should have been separately stated and added to the amount of basic child support has no basis in the statute and is without merit.

It was not an improvident exercise of discretion for the court to order the former husband to pay $15,000 towards the wife's attorney's fees which totalled $131,560.53 and to order that the husband pay 75% of the wife's expert's fees *(see,* Domestic Relations Law § 237 [b]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Lavane v Lavane,* 201 AD2d 623).

We have examined the parties' remaining contentions and find them to be without merit.

In light of our determination, the matter is remitted to the Supreme Court, Westchester County, for further proceedings and for a new determination as to child support. In determining the parties' support obligations, with respect to that portion of their combined income in excess of $80,000, the court is directed to make specific findings of the son's actual needs *(see,* Domestic Relations Law § 240 [1-b] [c] [3]; *Darema-Rogers v Rogers,* 199 AD2d 456). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.