■ JOSEPH BOSTINTO, Appellant, v MELORA BOSTINTO, Respondent. [616 NYS2d 58] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Berler, J.), entered April 26, 1993, which, *inter alia,* in effect granted the defendant wife permission to relocate to New Mexico with the parties' minor son.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is the general policy of this State that a move by the custodial parent to a distant locale will not be permitted when it would effectively deprive the noncustodial parent of regular access to a child of the marriage *(see, Amato v Amato,* 202 AD2d 458; *see also, Leslie v Leslie,* 180 AD2d 620, 621; *Ladizhensky v Ladizhensky,* 184 AD2d 756). This policy is based upon the principle that visitation is a joint right of both the

noncustodial parent and the child *(see, Weiss v Weiss,* 52 NY2d 170), and upon the premise that the best interests of the child would be furthered by the child being nurtured and guided by both of the natural parents *(see, Rybicki v Rybicki,* 176 AD2d 867).* However, the general rule against relocation is not absolute and it will be permitted upon a showing of exceptional circumstances.

We agree with the Supreme Court that the wife has demonstrated exceptional circumstances and that the best interests of the infant child of the marriage warrants her relocation to New Mexico *(see, Lavane v Lavane,* 201 AD2d 623; *Hemphill v Hemphill,* 169 AD2d 29). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.