(October 20, 1994)

■ In the Matter of JOHN M. BENNETT, Respondent, v DEBRA A. BENNETT, Appellant. [617 NYS2d 931] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Thomas, J.), entered January 8, 1991, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to prohibit respondent from removing the parties' children from the Sixth Judicial District.

Petitioner and respondent were divorced in 1986 and have two children, Mia and Nicole. Respondent was granted full custody of the children and lives in the Village of Endicott, Broome County. Petitioner resides in the Town of Vestal, Broome County, and has regular visitation with the children, which includes alternating weekends, alternating Tuesday and Thursday week nights, four weeks in the summer and various holidays. The issue in this case involves respondent's plans to relocate with the children out of Broome County to New York City to pursue her educational goals.

While studying for a degree in criminal justice at Broome Community College, respondent developed an interest in forensic psychology. She was accepted in such a program at John Jay College of Criminal Justice in New York City and desires to relocate there with the children for a period of at least three years in order to attend that college. Petitioner opposes the relocation contending that the move would significantly affect his visitation. Family Court found that respondent failed to show exceptional circumstances and prohibited her from removing the children's residence from the Sixth Judicial District.* Petitioner has not submitted a brief to this Court; however, we exercise our discretion and deem this failure a reliance on the record below.

In most situations, the best interests of children are served by a continuing relationship with both parents *(see, Weiss v Weiss,* 52 NY2d 170; *see also, Matter of Raybin v Raybin,* 205 AD2d 918). Thus, "where the custodial parent seeks a geographic relocation that substantially affects the noncustodial parent's visitation, a presumption arises that * * * such relocation is not in the child's best interest" *(Hathaway v Hathaway,* 175 AD2d 336, 337). To rebut this presumption, a relocating parent must establish exceptional circumstances to justify

---

* The Sixth Judicial District encompasses the Counties of Schuyler, Chemung, Tompkins, Tioga, Cortland, Chenango, Madison, Otsego, Broome and Delaware.

the move *(supra)*. The standard does not apply when the relocation "is not so distant as to deprive the noncustodial parent of regular and meaningful access to the child" *(Matter of Lake v Lake,* 192 AD2d 751, 753).

Respondent argues that she is not required to demonstrate exceptional circumstances as the 180-mile move from Broome County to New York City is not a distant one. She relies on cases in which relocation by a custodial parent was permitted without a showing of exceptional circumstances even though the geographic distance was greater than that which respondent proposes to undertake in this case *(see, e.g., Matter of Cassidy v Kapur,* 164 AD2d 513; *Matter of Schouten v Schouten,* 155 AD2d 461, *lv denied* 74 NY2d 616; *Blundell v Blundell,* 150 AD2d 321; *Murphy v Murphy,* 145 AD2d 857; *Zaleski v Zaleski,* 128 AD2d 865, *lv denied* 70 NY2d 603). However, the benchmark against which applicability of the relocation rule is measured is "meaningful access", i.e., the ability of a noncustodial parent to continue to maintain a close and meaningful relationship with his or her children *(see, Matter of Lake v Lake, supra; see also, Matter of Raybin v Raybin, supra),* and not when a particular numerical distance is exceeded *(see, Matter of Radford v Propper,* 190 AD2d 93; *Murphy v Murphy, supra).* Each case must be decided on its own facts and the determination must "take into account other factors such as travel time, the burdens and expense involved in traveling * * * the number of visitation hours that would ultimately be lost * * * and the involvement of the noncustodial parent in the lives of his or her children" *(Matter of Radford v Propper, supra,* at 100). Neither is the relocation rule automatically triggered whenever a proposed move requires a change in a noncustodial parent's "customary pattern of frequent contact" *(see, Matter of Lake v Lake, supra,* at 753).

As Family Court found, petitioner has availed himself of his visitation rights, participated in school programs and assisted in the transportation of the children to various activities. It is clear that petitioner will not enjoy the same level of weekly involvement with the children if they are living in New York City. Although respondent indicates that she plans to bring the children to Broome County at least one weekend a month and also expresses a willingness to give petitioner longer visitation periods in the summer, we find, based upon this record, that the relocation will substantially disrupt petitioner's ability to continue a close and meaningful relationship with his children. Therefore, respondent has the burden of

establishing exceptional circumstances *(see, Hathaway v Hathaway, supra,* at 337). The "exceptional circumstances" standard may include exceptional financial, educational, employment or health considerations *(see, Matter of Atkinson v Atkinson,* 197 AD2d 771, 772). Respondent's sole argument is that her education in New York City would make her a "productive citizen". While respondent's desire to further her education is laudable, where, as here, the relocation is prompted by the custodial parent's desire for betterment rather than necessity, we have not found exceptional circumstances *(see, e.g., Matter of Raybin v Raybin, supra; Matter of Atkin v McDaniel,* 181 AD2d 188; *Matter of Towne v Towne,* 154 AD2d 766; *Matter of Pasco v Nolen,* 154 AD2d 774). Respondent has failed to demonstrate that relocation to New York City is the only avenue available to her for pursuing her educational goals. The record fully supports Family Court's finding that petitioner can pursue a comparable education at colleges in much closer proximity to the children's current home. Family Court properly exercised its discretion by granting petitioner's application and prohibiting respondent from removing the parties' children from the Sixth Judicial District.

Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

