■ In the Matter of JACQUELINE BROWNER, Respondent, v ANDREW KENWARD, Appellant. [623 NYS2d 325] —In a proceeding

pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Westchester County (Tolbert, J.), entered November 4, 1993, as granted that branch of the mother's motion which sought permission to relocate to another State with the parties' son. The father's notice of appeal from an order of the same court entered July 12, 1993, is deemed a premature notice of appeal from the order entered November 4, 1993 (CPLR 5520 [c]).

Ordered that the order entered November 4, 1993, is affirmed insofar as appealed from, with costs.

Generally, a custodial parent will not be permitted to relocate if it deprives the noncustodial parent of meaningful access to the parties' child absent a showing of exceptional circumstances warranting the relocation and that the relocation is in the best interest of the child (see, Bostinto v Bostinto, 207 AD2d 471; Amato v Amato, 202 AD2d 458; Matter of Radford v Propper, 190 AD2d 93). Here, however, the father was not deprived of meaningful access to the child. Although the mother's 130-mile relocation deprived the father of his Wednesday visit with the child, the new visitation schedule established by the court granted him enhanced visitation in other respects and directed the mother to pick up and deliver the child for these visits. Since the relocation did not deprive the father of regular and meaningful access to the child, the mother is not required to show exceptional circumstances to justify relocation (see, Matter of Cassidy v Kapur, 164 AD2d 513, 516; Matter of Schouten v Schouten, 155 AD2d 461, 462; Blundell v Blundell, 150 AD2d 321, 324; Zaleski v Zaleski, 128 AD2d 865, 866). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.