In the Matter of PETER RODRIGUEZ, Appellant, v MARIA A. GASPARINO, Respondent. [630 NYS2d 572] —In a habeas corpus proceeding, the petitioner father appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated August 26, 1994, which, after a hearing, denied the petition to enjoin the mother's relocation to the State of Nevada with the parties' child and dismissed the writ.

Ordered that the judgment is reversed, on the law and the facts, with costs, the writ is sustained, the petition is granted, and custody of the child is awarded to the petitioner father unless the mother relocates her residence and that of the child to New York City in compliance with the parties' separation agreement, which was incorporated into but not merged with the judgment of divorce; and it is further,

Ordered that the mother's time to return to live in New York City is extended until 60 days after service upon her of a copy of this decision and order, with notice of entry.

The parties, who were married on May 11, 1981, had a son, born October 8, 1982. The parties were separated in July 1984. The separation agreement, which was incorporated into but not merged with the judgment of divorce, awarded custody of the son to the mother. The radius clause contained in the separation agreement provided that neither party could remove the son from New York City for more than three weeks without first obtaining written consent from the other.

Since their separation and subsequent divorce in 1992, the father remained in the marital apartment in Sunnyside, Queens, and the mother and child resided nearby in Middle Village, Queens. In 1992, the mother, who had remarried, purchased a house in Nevada. Thereafter, she unsuccessfully sought permission from the father to relocate to Nevada with their child. In July 1994, the mother relocated to Nevada with the child, under the guise of vacationing there, in violation of the radius clause and without first obtaining a court order. The mother called the father to advise him that she had relocated to Nevada, but she refused to provide the father with her address or telephone number. As a result, the father commenced the instant habeas corpus proceeding to compel the mother to return to New York with the child or, in the alternative, to direct that custody of their child be awarded to him. The Supreme Court denied the petition and dismissed the writ, permitting the mother to relocate to Nevada and modifying the father's visitation rights accordingly. We reverse.

As a general policy, a custodial parent may not remove the child to a distant geographical location if it effectively deprives the noncustodial parent of regular access to the child of the marriage (see, Amato v Amato, 202 AD2d 458; see also, Ladizhensky v Ladizhensky, 184 AD2d 756; Leslie v Leslie, 180 AD2d 620). This policy is based upon the principles that visitation is a joint right of both the noncustodial parent and the child (see, Weiss v Weiss, 52 NY2d 170) and that the best interests of the child are furthered by the child being nurtured and guided by both of his or her natural parents (Rybicki v Rybicki, 176 AD2d 867).

Here, the wife's relocation to Nevada disrupted the relationship between the father and the child. Instead of the regular and informal visitation which the father had previously enjoyed, the Supreme Court fashioned a rigid schedule which, inter alia, limited visitation to one weekend per month. While such a schedule may theoretically provide the father with more hours to visit with the child, it is only one factor to consider (see, Matter of Radford v Propper, 190 AD2d 93). In effect, the

visitation schedule fashioned by the Supreme Court would turn the child into a long distance commuter *(see, Rybicki v Rybicki, supra,* at 870; *cf., Hemphill v Hemphill,* 169 AD2d 29). Further, the Supreme Court's decision uprooted the child from the only residence and community he had ever known *(see, Rybicki v Rybicki, supra,* at 870; *cf., Hemphill v Hemphill, supra).*

In addition, the mother failed to demonstrate that the move to Nevada was predicated upon exceptional financial, educational, employment, or health considerations *(see, Matter of Radford v Propper, supra; Matter of Hollington v Cocchiola,* 180 AD2d 635; *Kuzmicki v Kuzmicki,* 171 AD2d 843). In fact, the Supreme Court found, and the mother concedes, that the move was one of convenience. This is particularly noteworthy considering that the relocation was in violation of the parties' separation agreement *(see, Roush v Roush,* 204 AD2d 195).

This decision does not upset the mother's award of custody of the child pursuant to the separation agreement provided she and the child promptly return to New York City and establish residence. If the mother decides to remain in Nevada, then custody of the child will be awarded to the father with visitation by the mother to be determined by the Court. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.