■ In the Matter of LAURA DANIELS, Appellant, v DALE DANIELS, Respondent. [637 NYS2d 570] —Order unanimously modified on the law and as modified affirmed without costs and

matter remitted to Wayne County Family Court for further proceedings in accordance with the following Memorandum: At the close of petitioner's proof, Family Court dismissed the petition seeking leave to relocate to Columbia, New Jersey, with the parties' three minor children. The court held that petitioner had failed to make out a prima facie case of extraordinary circumstances. That was error. Because the evidence demonstrated that respondent had been exercising his right to visitation sporadically at best, his visitation with the children would not be significantly curtailed as a result of the relocation. In such a case, the custodial parent does not have to demonstrate extraordinary circumstances to justify the relocation (see, Matter of Bennett v Bennett, 208 AD2d 1042, 1043-1044; Matter of Giovannone v Giovannone, 206 AD2d 869, lv denied 84 NY2d 805; Matter of Radford v Propper, 190 AD2d 93, 100).

Even assuming, arguendo, that the extraordinary circumstances test was triggered, petitioner met her burden by demonstrating that her desire to relocate was prompted by economic hardship rather than a desire for mere economic enhancement (see, Matter of Wheaton v Anderson, 224 AD2d 929 [decided herewith]; Matter of Raybin v Raybin, 205 AD2d 918, 919-920; Lavane v Lavane, 201 AD2d 623, 624; Matter of Radford v Propper, supra, at 100). Once extraordinary circumstances to justify the relocation are established, the focus shifts to the best interests of the children (see, Matter of Raybin v Raybin, supra, at 920; Matter of Radford v Propper, supra, at 100). We conclude that petitioner demonstrated that the best interests of the children would be served by the relocation. Presently, the children are living in deplorable conditions and true economic hardship. Their living conditions would improve dramatically with the relocation, as they would live in a four-bedroom home, they would have the support of petitioner's parents and petitioner would have a job. Nor can we conclude, on the record before us, that respondent's visitation would be seriously affected by their relocation.

We modify the order, therefore, by reinstating the petition, and we remit the matter to Wayne County Family Court for a hearing to allow respondent an opportunity to present proof that it would not be in the best interests of the children to relocate. The hearing should be expedited and held before a different Judge. Pending the final decision of Family Court, the visitation schedule set forth in the order shall continue. (Appeal from Order of Wayne County Family Court, Strobridge, J.—Relocate.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.