■ Monica Granados-Corrigan, Appellant, v Edward Corrigan, Respondent. [675 NYS2d 635] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), dated December 22, 1997, which, upon the defendant husband's motion, inter alia, to compel the plaintiff wife to return the parties' child to the New York metropolitan area, transferred custody of the child to the defendant husband. By decision and order of this Court dated January 8, 1998, enforcement of the above order was stayed.

Ordered that the order is reversed, without costs or disbursements, on condition that the plaintiff wife produce the child in the State of New York upon a date to be set by the Supreme

Court, Westchester County, for a hearing on the question of the best interests of the child, and the matter is remitted to the Supreme Court, Westchester County, to determine the date upon which the child must be produced, and for a hearing on the best interests of the child; and it is further,

Ordered that in the event the condition is not complied with, then the order is affirmed, without costs or disbursements.

In May 1997, the parties entered into a separation agreement which provided for joint custody with the child residing with the wife, with liberal overnight visitation with the husband. The agreement further provided that "[t]he WIFE shall not move the child's residence out of the New York Metropolitan area without consultation with HUSBAND and basing the decision on the best interest of the child".

In early August 1997, the wife relocated to California with the child. On or about August 13, 1997, the wife commenced an action for a divorce in the Supreme Court, Westchester County, by serving and filing a summons with notice, demanding ancillary relief, including custody of the child.

By order to show cause dated November 25, 1997, the husband moved in the divorce action to compel the wife to return the parties' child to the New York metropolitan area, for modification of child support provided for in the separation agreement, and for attorneys' fees. A provision in the order to show cause directed the wife to return the child to the New York metropolitan area by a specific date. When the wife failed to return the child to the New York metropolitan area by the date specified in the order to show cause and the adjourned dates, the Supreme Court awarded the husband custody of the child.

It is apparent from this record that the plaintiff wife's relocation to California deprived the husband of the liberal visitation provided for in the separation agreement (*see, Matter of Rodriguez v Gasparino,* 218 AD2d 739). It is further apparent that the wife failed to comply with the direction of the Supreme Court, Westchester County, that she return to the State of New York with the child. However, in determining whether the wife should be permitted to relocate to California, the court should "consider and give appropriate weight to all the factors that may be relevant to the determination" of the best interests of the child based upon proof after a hearing (*Matter of Tropea v Tropea,* 87 NY2d 727, 740-741; *see, Matter of Jones v Scaldini,* 238 AD2d 422; *Matter of Dente v Dente,* 225 AD2d 544).

Accordingly, we reverse the order appealed from, on condition that the appellant return with the child to the State of

New York for a hearing on the question of the child's best interests. The Supreme Court shall set the date for the hearing and the child's appearance. In the event the mother fails to appear with the child on the date set by court, the order is affirmed (*see, Kozak v Kozak,* 111 AD2d 842).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.