■ In the Matter of JAMES MOONEY, Appellant, v CHERYL FERONE, Respondent. [825 NYS2d 495]—

In related proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Warren, J.), dated November 7, 2005, as denied his petition for sole custody of the parties' daughter and modified the parties' visitation schedule.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a stipulation of settlement, later incorporated into a judgment of divorce, which provided, inter alia, that the mother would have physical custody of the parties' daughter and the father would have visitation on alternate weekends and on certain weekdays. At the time they entered into this agreement, the parties resided in Suffern, New York. Soon thereafter, the mother relocated to Mendham, New Jersey, some 40 miles from Suffern, purportedly for the purpose of an employment opportunity. The mother petitioned for sole custody and modification of visitation. Thereafter, the father also filed a petition seeking sole custody. Following a hearing, the Family Court refused to grant sole custody to either party, but modified visitation.

Where the parties have entered into an agreement concerning custody, it will not be set aside absent a change in circumstances and unless such change would be in the best interests of the children (*see Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705 [2003]). While a relocation of the custodial parent may seriously interfere with the noncustodial parent's ability to exercise visitation (*see Granados-Corrigan v Corrigan*, 252 AD2d 540 [1998]; *Matter of Rodriguez v Gasparino*, 218 AD2d 739 [1995]), and may be enjoined where a noncustodial parent is highly involved in the children's day-to-day lives (*see Rybicki v Rybicki*, 176 AD2d 867 [1991]; *cf. Matter of Tokarz v Loughlin*, 25 AD3d 716 [2006]; *Lavane v Lavane*, 201 AD2d 623 [1994]; *Hemphill v Hemphill*, 169 AD2d 29 [1991]; *Blundell v Blundell*, 150 AD2d 321, 324 [1989]), here, the relocation was not a great distance, and good cause was shown therefor. Accordingly, visitation was properly modified to accommodate the custodial parent's relocation (*see Matter of Browner v Kenward*, 213 AD2d 400, 401 [1995]; *Partridge v Myerson*, 162 AD2d 507 [1990]). Moreover, the modification of the father's visitation was in the child's best interests (*see Matter of Manos v Manos*, 282 AD2d 749 [2001]). In addition, there is no evidence of attempted parental alienation that would justify a change in custody (*see Bobinski v Bobinski*, 9 AD3d 441 [2004]).

The father's remaining contentions are without merit. Florio, J.P., Adams, Goldstein and Lunn, JJ., concur.